## RICHMOND v. ROBERTSON *et al.*

No. 5051. Opinion Filed August 10, 1915.

(151 Pac. 203.)

1. **MORTGAGES—Foreclosure—Orders.** An order of sale issued for the sale of property in a foreclosure proceeding is a special execution and a writ or process, and as such must run under the style required by the Constitution (art. 7, sec. 19), the "State of Oklahoma."

2. **SAME—Notice of Sale.** A publication notice for the sale of real estate first published on the 15th day of November and each and every day thereafter, including the 15th day of December, the sale being had on the 16th day of December, is a sufficient notice for the sale of real property under section 5166, Harris-Day Code.

3.     **SAME—Power of Court of Equity.** A court with equity powers, having exclusive jurisdiction to foreclose the equity of redemption of a mortgage, to call all the interested parties before it, and to decree a sale of the mortgaged property, has the power to put the purchaser in possession, as against a party to the suit.

(Syllabus by Bowles, C.)

*Error from District Court, Kingfisher County;
James B. Cullison, Judge.*

Action by John Richmond against H. B. Robertson and others, in which land was ordered sold on foreclosure. A sale was ordered confirmed, and Richmond brings error. Reversed.

*W. L. Moore,* for plaintiff in error.

*George L. Bowman,* for defendants in error.

Opinion by BOWLES, C. This was an action in equity to set aside certain deeds to the east half of the southwest quarter of section 14, and the west half of the southwest quarter of section 13, all in township 18, north of range 8, W. I. M., Kingfisher county, Okla., and asking that other deeds to said real estate be declared mortgages. The suit resulted, finally, in quieting title to the real estate, with a personal judgment against John Richmond for $804.77 bearing 12 per cent. interest, and said judgment was declared a lien against the property, which was ordered sold to satisfy the judgment. There was also a judgment in favor of J. A. Zellweger against D. E. Zellweger for $543.33, which bore interest at the rate of eight per cent. per annum and was declared to be a lien upon the judgment of D. E. Zellweger against Richmond. An order of sale issued, the property was sold, and the sheriff made a return thereof into court. The real estate was bid off by D. E. Zellweger. D. E. Zellweger filed a motion to confirm sale, and plaintiff in error, Richmond, filed objections to the confirmation thereof, claiming the

sale was null and void for reasons set out in his objection, which will be hereinafter referred to. The objection to confirmation was overruled and the motion to confirm sale sustained. To set aside the judgment of the court in confirming the sale, this appeal is presented.

At the outset, this case comes before us upon a motion to dismiss the appeal, assigning as reasons therefor that the case-made does not contain a certificate of the clerk that the record, or case-made, contains a full, true, correct, and complete transcript of the record. We find this to be true, but we fear that the movant has confounded an appeal by transcript of the record with an appeal by case-made. This is an appeal upon a case-made, and, under the statute, such an appeal does not require the certificate of the clerk, as claimed by the defendants in error; therefore the motion to dismiss is overruled. This, therefore, brings us to a discussion of the appeal upon its merits.

It is claimed by the plaintiff in error that the order of sale upon which the real estate in question was sold does not run under the style prescribed by the Constitution and the statutes of the State of Oklahoma, and is therefore void, and the sale made thereunder should have been set aside. The order of sale read as follows:

"ORDER OF SALE UNDER JUDGMENT OF MORTGAGE.

"STATE OF OKLAHOMA, COUNTY OF KINGFISHER—SS.:

"Whereas, D. E. Zellweger on the 6th day of May, A. D. 1911, obtained judgment before the 20th judicial district court of the State of Oklahoma, sitting in Kingfisher county; for the trial of causes arising under the laws of said state against John Richmond for the sum of eight hundred and four 77/100 dollars debt.

"And whereas, by a decree dated May 6, 1911, of said court, the following described property were di-

rected to be sold to satisfy said judgment, to wit: East half of S. E. ¼ sec. 14, and west half S. W. ¼ of sec. 13, all tp. 18 N. range 8, W. I. M., Kingfisher county, Oklahoma. And said decree ordering sale of the above land is as follows: That the defendant, D. E. Zellweger, should recover of and from the plaintiff the sum of $804.77 together with interest thereon from the 6th day of May, A. D. 1911, at the rate of 12% per annum and to secure the payment thereof is entitled to a first lien on the real estate in plaintiff's petition described, to wit, the east half of the southeast quarter of section fourteen and the west half of the southwest quarter of section thirteen, all in township eighteen north of range eight, W. I. M., Kingfisher county, State of Oklahoma, and that the said plaintiff should have ninety days from this date within which to pay said amount. That should plaintiff fail to pay said amount, together with interest thereon from this date at the rate of 12% per annum, then an order of sale should issue to the sheriff of Kingfisher county, State of Oklahoma, to sell said real estate without appraisement in the manner of sales upon execution." was charged with the payment of said debt.

"These are therefore to command you to cause the property above described to be advertised and sold according to law; and from the proceeds of such sale pay first, the taxes, second the amount of judgment herein due, J. A. Zellweger and balance, if any, pay into court.

"You will make due return of this writ before the court aforesaid in sixty days from the date hereof, with your proceedings endorsed thereon.

"Witness my hand and the seal of said court, affixed at my office at Kingfisher, Oklahoma, this 9 day of August, 1912.

"[Seal.]      GEORGE H. LAING, *Clerk.*"

A glance at the order of sale is sufficient to convince us that the contention of plaintiff in error is correct. The requirement of the statute and Constitution is

mandatory, and the order of sale does not pretend to follow either. The words, "State of Oklahoma, County of Kingfisher—ss.," lay the venue only. The order contains no command or direction from the State of Oklahoma to the sheriff of Kingfisher county to advertise and sell the real estate under and by virtue of such an order. The writ should have run, "The State of Oklahoma, to the sheriff of Kingfisher county, Greeting," etc. Clearly, the order here, if possessed of any virtue at all, was a writ or other process within the meaning of the Constitution. It was intended to serve the purpose of a "writ or other process," and as such could have been valid only when running in the name of the state.

The Constitution of the State of Oklahoma (section 19, art. 7) reads:

"The style of all writs and processes shall be, the State of Oklahoma."

Section 5319 of the Harris-Day Code provides:

"The style of all process shall be the 'State of Oklahoma.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it was issued."

In *Latimer v. Giles*, 29 Okla. 234, 116 Pac. 795, Justice Turner had before him the validity of a summons which did not run in the name of the state, and, after a full review of decisions, held:

"A summons issued by a justice of the peace, the caption of which was: 'State of Oklahoma, McClain County—ss.: Before E. M. Price, a justice of the peace for Purcell township, in and for said county. To Mace Pugh, Constable—Greeting'—is not a writ running under the style prescribed by article 7, par. 19, of the Constitution, and may be quashed on motion."

The question recurs: Is an order of sale, issued in a foreclosure proceeding, a writ or process? In *Gordon et al. v. Bodwell*, 59 Kan. 51, 51 Pac. 906, 68 Am. St. Rep. 341, the Kansas court, having under consideration an order of sale issued without affixing the seal of the court, held:

"The provision contained in section 1 of article 3 of the Constitution that 'all courts of record shall have a seal to be used in the authentication of all process' is mandatory; and an order of sale issued without the seal of the court is void, and the court has no power, after a sale made thereunder, to allow the process to be amended by attaching the seal."

It will be noted that the Constitution of Kansas provides that "all courts of record shall have a seal, to be used in the authentication of all processes." This provision of the Kansas Constitution embraces, in substance, the provisions of our statute. Section 5319, Harris-Day Code. An order of sale, in Kansas, was held to come under the provisions of the Constitution cited and was held to be process.

Also, in *Norton et al. v. Reardon*, 67 Kan. 302, 72 Pac. 861, 100 Am. St. Rep. 459, a Kansas case where our statute is construed, after reviewing all the sections of the statute having reference to the sale of real estate in foreclosure proceedings, it is held that an order of sale is a special execution and must conform to the order of the court.

The Supreme Court of this State, in *Price et ux. v. Citizens' State Bank et al.*, 23 Okla. 723, 102 Pac. 800, uses this language in the syllabus of the case:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution

for the sale of the property is special, and must conform to the order of the court."

Our statute (Harris-Day Code, section 5149) reads:

"Executions shall be deemed process of the court, and shall be issued by the clerk and directed to the sheriff of the county."

This decision from our own Supreme Court, construing an order of sale to be a special execution, with the statute of this state defining an execution to be process, makes it necessary for us to go no further.

By the decisions cited, and their application to the provisions of our Constitution and statute, we are led to the inevitable conclusion that an order of sale in a foreclosure proceeding is a process and must be styled as provided in the Constitution. This constitutional requirement being absent, in the order of sale before us, renders the same void and all the proceedings thereunder, and necessitates a reversal of this case.

The error discussed above being decisive, we might well refuse to consider the remaining errors complained of; but to avoid the expense and delay of another appeal, and set the propositions at rest, we will dispose of them.

Plaintiff in error contends that the order of sale provides that out of the proceeds of the sale, the judgment of J. A. Zellweger shall be satisfied, with 12 per cent. interest. It will be noted the land is ordered sold under the judgment in favor of D. E. Zellweger, and the judgment of J. A. Zellweger is a lien upon the judgment of D. E. Zellweger. The order of sale does provide that J. A. Zellweger's judgment be paid out of the proceeds of the sale with 12 per cent. interest added, when said judgment in fact bears interest at eight per cent. only. This is merely an oversight and could in no wise affect the

plaintiff in error, as he has no ground of complaint. The property could only be sold for the payment of his judgment, which bears 12 per cent. interest.

The publication notice is also criticized. The affidavit of the publisher shows that the notice of sale was published on the 15th day of November and each and every day thereafter, including the 15th day of December; the sale being had on the 16th of December.

The statute provides that the publication shall be at least 30 days before the date of sale. Upon what ground this notice fails to comply with the statute we are unable to discover, and the argument upon the point found in plaintiff in error's brief fails to enlighten us.

Plaintiff in error also contends that the court below erred in ordering and directing the sheriff to place the purchaser in possession of the land sold under and by virtue of the foreclosure proceedings.

This right has been exercised by courts of chancery in England since the reign of James I and followed in this country for so long a period that such practice has become the settled law of the land, and the doctrine is upheld upon the theory that the power to apply a remedy is coextensive with the jurisdiction of the subject-matter. It would be absurd to say that a court with equity powers, having exclusive authority to foreclose the equity of redemption of a mortgage, to call all the interested parties before it, and to decree a sale of the mortgaged property, does not have the power to put the purchaser in possession against one of the very parties to the suit.

The citation of authorities is unnecessary. The doctrine is conceded everywhere, and this, too, when the statute is silent. The fact that our statute gives a justice

of the peace exclusive jurisdiction in all forcible entry and detainer cases does not deprive a court of equity of the power to enforce its judgment by writs of assistance, as in the instant case. It goes without saying that the action of forcible entry and detainer is confined to the justice court, but the foreclosure of a mortgage is not such an action.

On account of the error first considered, we recommend that the case be reversed, with instructions that the court below set aside the judgment confirming the sale and proceed in conformity with the opinion.

By the Court: It is so ordered.