## RIDDLE v. GAMBLE.

No. 15084—Opinion Filed May 13, 1924.

**1. Appearance—Nonjurisdictional Grounds in Motion to Vacate Judgment.**

Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial.

**2. Execution—Statute.**

Section 758, Comp. Stat. 1921, provides: "In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount and also for the sale of specific real or personal property shall have been rendered, and an amount

sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

### 3. Same—General and Special Execution — Mortgage Foreclosure.

After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special and must conform to the order of court. Held, that a general execution can only be issued to satisfy a deficiency judgment.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by C. W. (Cub) Riddle against A. G. Gamble, to set aside a judgment obtained by the latter by default upon two promissory notes and for foreclosure of mortgage, given as security therefor. Judgment denying petition, and Riddle appeals. Reversed.

Carter & Gordon and Turner, Turner, Harley & Parris, for plaintiff in error.

Dick & Pitchford, for defendant in error.

Opinion by THOMPSON, C. This is an action from the district court of Okmulgee county by C. W. (Cub) Riddle, plaintiff in error, on his petition in the same cause to set aside a judgment of the district court obtained by A. C. Gamble, defendant in error, in an action by defendant in error against plaintiff in error upon two promissory notes and for foreclosure of mortgage, given as security therefor.

Defendant in error filed suit against the plaintiff in error to recover on two promissory notes, one for $2,000 and one for $500, and interest, and to foreclose a mortgage given as security therefor on the southwest quarter of the southwest quarter of section 12, township 12 north, range 13 east, in Okmulgee county, state of Oklahoma, consisting of 40 acres.

Summons was issued and placed in the hands of the sheriff, who made the proper return of personal service, as provided by the statute.

No pleadings having been filed by plaintiff in error, judgment was rendered by default in the sum of $2,500, interest, attorneys fees, and costs. The part of the judgment necessary to be considered in this case is as follows:

"It is therefore ordered, adjudged and decreed by the court, First, that the plaintiff have and recover of and from the defendant, C. W. (Cub) Riddle, the sum of two thousand ($2,000.00) dollars, with interest thereon amounting to $306.64, and $200.00 attorneys fees; Second: that the plaintiff have and recover of and from the defendant the sum of $500.00, with interest thereon at the rate of 4 per cent per annum from the 21st day of January, 1920; Third: that said mortgage be and the same is hereby reformed so as to be made security for the said sum of $500.00, in addition to the $2,000.00 for which it was originally given; Fourth: That said real estate mortgage covering the SW 1-4, SW 1-4 section 12, township 12 north, range 13 east, in Okmulgee county, Oklahoma, be and the same is hereby ordered foreclosed with appraisement, as is by law provided, and that the proceeds be applied as follows: First, to the payment of costs and attorneys fees; second, to the payment of the judgment herein rendered; and third, the residue, if any, be paid to the defendant."

That, thereafter, a general execution was issued and the sheriff levied upon the 40 acres covered by the mortgage, and other property, belonging to plaintiff in error, consisting of 120 acres in the same quarter section, and sold the said property with no separate appraisement of the mortgaged 40 acres, but after appraisement of the entire 160 acres in general, and the court confirmed and approved said sale.

Thereafter, the plaintiff in error made special appearance and filed motion to set aside the default judgment and subsequent proceedings, alleging that notwithstanding the summons filed in the court showed due and personal service upon the plaintiff in error that, in reality, no service was ever had upon him but that the summons was served upon another person, to wit, one W. R. Smith, and that the judgment of the court and the sheriff's sale, under general execution, were contrary to the Constitution of the United States and the Constitution of the state of Oklahoma, for the reason that the plaintiff in error was deprived of his property without due process of law, and that said judgment was procured by the defendant in error by fraud practiced upon the court and upon the plaintiff in error.

The defendant in error filed his response to the motion to set aside the default judgment, denying the jurisdiction of the court to hear and determine the same upon the allegations of said motion, denying that no service was had upon the plaintiff in error, denying that the judgment was contrary to the Constitution of the United States and the Constitution of the state of Oklahoma in the matters set up in said motion, and

that the deputy sheriff went to a room in which the plaintiff in error and one W. R. Smith were the sole occupants, and asked if "Cub" Riddle were present and, upon being answered in the affirmative, said, "I have a summons for Cub Riddle," but "Cub" Riddle did not make known his identity and the sheriff, not being acquainted with him and thinking that Smith was "Cub" Riddle, delivered the summons to Smith instead of "Cub" Riddle, in the presence of "Cub" Riddle, and that within an hour after said service, Riddle, together with Smith, went to the home of the defendant in error, 16 miles away, and offered defendant in error $500 if he would dismiss the action and allow Riddle to sell his one-half interest in his mineral and royalty rights in said land, and the defendant in error refused to do this, and on three other occasions undertook to settle with the defendant in error, and denied that Riddle was deprived of the right to appear and answer without due process of law and by means of fraud practiced upon the court, and alleged that Riddle, after making the mortgage to defendant in error, which had never been placed of record, made three other mortgages in the aggregate sum of $6,700 in order to defeat the debt due the defendant in error, and refused to pay him, and further alleged that the plaintiff in error, by his silence when he should have spoken, estopped him from claiming or asserting that he was not served with summons, and that by filing the motion in this cause to set aside the judgment and subsequent proceedings had entered a general appearance in the court, and by filing said motion conferred jurisdiction of the court over his person and prayed that the motion be denied.

Thereafter, plaintiff in error filed what he termed, "Supplemental and Amended Special Appearance and Motion to Set Aside Default Judgment," in which he alleged that the execution issued out of the court, and all proceedings had subsequent thereto and based thereon, were void for the reasons that the execution did not conform to the laws of the state of Oklahoma, as contained in sections 692 and 758, Comp. Stat. 1921, and that the execution did not conform to the judgment and order of the court.

A hearing was had upon said motions and response thereto, and the motion was by the court overruled and exceptions reserved by plaintiff in error.

A motion for new trial was filed, heard, and overruled, from which judgment the plaintiff in error appeals to this court for review.

Attorneys for plaintiff in error set up three specifications of error, which are as follows:

"I. Error of law in not sustaining the motion of this defendant to vacate the judgment and subsequent proceedings, for the reason that the court was without jurisdiction of the person of the defendant.

"II. Error of law in not sustaining defendant's supplemental motion to vacate the sale for the reason that the execution issued in this cause did not follow the judgment of the court, as is by law provided.

"III. Error of the court in rendering judgment against this defendant, which said judgment and findings are not supported by the evidence."

The first contention of attorneys for plaintiff in error is that the manner of service of process in this cause by the sheriff did not give the court jurisdiction over the person of plaintiff in error. Unquestionably the sheriff was negligent in not ascertaining the identity of plaintiff in error to an absolute certainty before delivering a copy of the summons, but whatever merit there may be in this contention, upon examination of the record, we find that the plaintiff in error filed a supplemental motion, attacking the issuance of the general execution, the sale, and all the proceedings of the court after judgment, and as a basis therefor contends that the subsequent proceedings of the court after judgment were not in conformity with the judgment, and, in our view of the case, he thereby waived any defect in the service of summons, and he thereby submitted himself to the jurisdiction of the court for all purposes, as though his appearance had been made at the trial, and this view is sustained in the case of Morgan v. Karcher, 81 Okla. 210, 197 Pac. 433, and the authorities therein cited, wherein this court said:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial." Lindley v. Hill, 58 Okla. 71, 158 Pac. 356; Ziska v. Avey, 36 Okla. 405, 122 Pac. 722; Pratt v. Pratt, 41 Okla. 577, 139 Pac. 261.

Upon this phase of the case we think the court was correct in overruling the motion of plaintiff in error upon the ground

of failure of sheriff to properly serve the summons.

The second contention of attorneys for plaintiff in error presents a more serious question, in which they contend that the court committed error in not vacating the sale for the reason that the execution issued in this cause did not conform to the judgment of the court and the statutes of this state in this respect, that in said judgment after finding the amount of the indebtedness due from the plaintiff in error to the defendant in error, the court reformed the mortgage on the 40 acres of land so as to make it security for the sum of $500 in addition to the $2,000 for which it was originally given, and ordered the 40 acres foreclosed "with appraisement," and provided that the proceeds from said foreclosure be applied to the payment of costs and attorneys fees, to the payment of the judgment rendered, and that the residue be paid over to the defendant in error, and made no provision in said judgment for a deficiency judgment, in the event the proceeds from the sale of the 40 acres were not sufficient to satisfy said judgment, but, notwithstanding this condition of the judgment, as appears in the record, the defendant in error caused to be issued a general execution against all of the property of plaintiff in error, and the sheriff, under said execution, levied on an entire quarter section of land, in which the particular 40 acres was included, and made no separate appraisement of the said 40 acres, as directed in the judgment, and made no offer to sell, or sale, of the particular 40 acres, but sold the whole quarter section under said execution, and made a sheriff's deed thereto to the defendant in error.

Section 692, Comp. Stat. 1921, provides that "executions are of three kinds," which are as follows:

"First, Against the property of the judgment debtor. Second. For the delivery of possession of real or personal property, with damages for withholding the same, and costs. Third. Executions in special cases."

Under this section of the statute an execution in a foreclosure proceeding, as in the instant case, is a special execution and must conform to the order of the court.

Section 758, Comp. Stat. 1921, says:

"In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs, be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

This court, in the case of Price et ux. v. Citizens State Bank, 23 Okla. 732, 102 Pac. 800, held:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special and must conform to the order of court." See, also, 67 Kan. 302, 72 Pac. 861.

In the case of Johnson v. Taylor, 68 Okla. 229, 173 Pac. 1039, this court held, in the body of the opinion:

"That an order of sale in a foreclosure proceeding is a form of special execution appears reasonably certain from sections 5128, 5162, and 5216 of Rev. Laws of 1910. This view of the law was announced in Price v. Citizens' State Bank, 23 Okla. 723, 102 Pac. 800, Richmond v. Robertson et al., 50 Okla. 635, 151 Pac. 203, and Martin v. Hostetter et al., 59 Okla. 246, 158 Pac. 1178. In the latter case it was held necessary, under our procedure, in order to enforce a decree of foreclosure of a mortgage upon real estate, that a special execution or order of sale issue from the office of the clerk of the district court to the sheriff of the county."

Then, under the statute law of this state and the decisions above quoted, the orders of sale are necessary in foreclosure proceedings of this character and are process of the court, as contemplated by the statute, and are special executions.

The case of Robert Folsom et al. v. Mid-Continent Life Ins. Co. et al., 94 Okla. 181, 221 Pac. 486, reaffirmed the doctrine announced in the above cases.

Then, under the statute law of this state and in decisions of this court above quoted in this opinion, there could not be any general execution issued in this case until after the special execution had been issued, the property sold after appraisement, and the proceeds distributed, as provided in the judgment of the court, as it could not be foreseen what amount might yet be due on said judgment remaining after the foreclosure and sale, ordered in the judgment, and whatever might be the decisions of other courts upon this proposition, we are clearly of the opinion that under the statute laws of this state and under the decisions of this court, the issuance of the general execution and the proceedings by the sheriff in the sale of the 160 acres in this case, under a general appraisement of the entire tract, did not con-

form to the judgment of the court and was unauthorized, and whether the plaintiff in error will be benefited or not or whether it will be a useless and vain thing to have this special execution issued and the judgment of the court followed in the manner directed by the court, the plaintiff in error is entitled to have this judgment satisfied in conformity with the decision and under the statute law of this state, and to hold otherwise would be depriving him of a statutory right guaranteed to him by the law governing in this jurisdiction.

We are, therefore, of the opinion that the court committed reversible error in not sustaining the motion of the plaintiff in error upon the sole proposition that the general execution in this case and the proceedings under said execution by the sheriff were in direct violation of the judgment of the court and were unauthorized under the statutes of this state. It necessarily follows that the judgment of the trial court should be and is hereby reversed with directions to set aside the general execution and all proceedings thereunder, and order a special execution for the foreclosure and sale of the 40 acres covered by the mortgage given as security for the judgment debt as by law provided.

By the Court: It is so ordered.