## NEUHARDT v. MILLER.

No. 19915. Opinion Filed May 5, 1931.

Tom W. Garrett, for plaintiff in error.

Sam S. Gill, for defendant in error.

HEFNER, J. This is an action on a foreign judgment brought by Harry P. Neuhardt against Herbert G. Miller. The judgment was rendered in the district court of Potter county, Tex. There was an attachment issued in the action and levied on certain real estate located in that county. The judgment pleaded in addition to awarding a personal judgment against defendant, contained an order sustaining the attachment and directing the sale of .the attached premises and application of the proceeds thereof to payment of the judgment.

From the allegations of plaintiff's petition, together with exhibits attached thereto, it appears that the property attached had not been sold at the time of the commencement of this action. Plaintiff, however, pleaded that the property was not sold for the reason that subsequent to the rendition of the judgment a suit was brought in the district court of Potter county, Tex., to foreclose a mortgage on the attached premises. The plaintiff herein was made a party defendant to that action and it was sought to foreclose his right under the attachment lien, and further pleaded that in answer to such action he filed a disclaimer and abandoned his lien.

Defendant demurred to the petition, which demurrer was sustained by the trial court and judgment entered dismissing plaintiff's cause of action.

Defendant contends that plaintiff cannot successfully maintain his action on the judgment, for the· reason that he has not sold the attached property and credited the proceeds thereon to payment of the judgment as therein provided. We think, as a general rule, defendant's contention is correct. Such is the holding of the Supreme Court of the state of Texas in the case of Walker v. Garland, 235 S. W. 1078, where a similar judgment rendered by an Oklahoma court was involved. The court there said:

"A judgment foreclosing a mortgage, even if final, cannot be sued on until the proceeds of the mortgaged property have been applied thereon and the balance due thereon definitely ascertained.

'In order that an action may be maintained on a judgment of a sister state, the judgment must be of such a nature as to create a definite and absolute indebtedness.'

The action in that case was on an Oklahoma judgment in a mortgage foreclosure action. The suit was brought in Texas prior to a sale of the mortgaged property. The court held that as there was no sale of the property as provided by the judgment. no action could be maintained thereon. We think the same rule must necessarily be applied to a judgment in an attachment action directing the sale of attached property and distribution of the proceeds. Section 388, C. O. S. 1921, speaking of actions in attachment, after providing if judgment be rendered for plaintiff the attached property shall be sold, concludes as follows:

"If there be not enough to satisfy the same, the judgment shall stand, and execution may issue thereon for the residue, in all respects as in other cases. Any surplus of the attached property or its proceeds shall be returned to the defendant."

Section 758, C. O. S. 1921, provides:

"In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property,

shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

Under these provisions of the statute, in our opinion, a general execution could only issue on the judgment to satisfy a deficiency after crediting the judgment with the proceeds of the attached property. This being true, as a general rule, an action on the judgment could only be maintained to recover a deficiency.

In the case of Riddle v. Gamble, 99 Okla. 161, 226 Pac. 106, this court announced the following rule:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special and must conform to the order of court. Held, that a general execution can only be issued to satisfy a deficiency judgment."

This also seems to be the law in the state of Texas, and for the purpose of this case we can assume it to be so, as there is no showing to the contrary. Plaintiff insists that he had the right at any time to waive and abandon the attachment feature of the case and that upon doing so he could immediately maintain an action upon the judgment. That he had a right to abandon the attachment at any time before judgment, there can be no doubt, but we think, after taking judgment sustaining his attachment and obtaining an order directing the sale of the attached property and the application of the proceeds to payment of the judgment, the attachment debtor had the right to insist that the attached property be sold before the issuance of a general execution. A mortgagee, after having brought suit to foreclose the mortgage, might undoubtedly abandon the mortgage at any time before judgment and take only a personal judgment against the mortgagor, but this court in the case of Riddle v. Gamble, supra, held that after judgment of foreclosure is rendered ordering the sale of the mortgaged property to satisfy the judgment, a general execution could not be issued until after sale of the mortgaged property. We think this case by analogy applies to the case at bar and against plaintiff's contention.

Plaintiff, however, contends that under the facts pleaded in his petition the above rule does not apply. With this contention we are inclined to agree. He pleads the foreclosure action brought against the attached premises and also pleads that he was made a party defendant in said action and that his rights under the lien are sought to be foreclosed. From the exhibits attached to the petition it appears that the mortgage lien is superior to the attachment lien of defendant. Under these circumstances, we are of the opinion that plaintiff had a right to disclaim under his lien and proceed immediately to sue upon the judgment.

Judgment is reversed and cause remanded, with directions to overrule the demurrer and to reinstate plaintiff's cause of action.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.