## PASCHAL INV. CO. v. ATWATER.

No. 24518. Sept. 25, 1935.

Rehearing Denied Oct. 29, 1935.

W. R. Withington, for plaintiff in error.

Hayes & Hayes, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appear in the trial court, Paschal Investment Company, assignee of Peoples Bank & Trust Company, as plaintiff, and Brodie T. Atwater, as defendant.

This is an appeal from an order of the district court of Okmulgee county confirming sheriff's sale of minerals levied upon and sold under a general execution.

This action was begun in the district court of Okmulgee county, Okla., on June 15. 1929, by the plaintiff against Walter J. Briscoe. Susie Briscoe, John S. Briscoe, Liddia Briscoe, Brodie T. Atwater et al., for judgment on a promissory note in the principal sum of $2,000, and to foreclose a real estate mortgage executed by the aforenamed Briscoes on June 4, 1923, to secure said promissory note. Numerous other parties were made defendants and were legally served with summons. The petition of plaintiff against the Briscoes prays for judgment on the promissory note and for a decree of foreclosure of a mortgage on real estate described in the mortgage. The petition alleges that Brodie T. Atwater claims some right, title, or interest in and to the lands described in plaintiff's petition and mortgage, but that such right. title, or interest is subject and inferior to the lien of plaintiff's mortgage.

While the action was pending, the Paschal

Investment Company, a corporation, became the owner of said note and mortgage by proper asignment. Personal service of summons was had on the defendants Liddia Briscoe, John S. Briscoe, and Walter J. Briscoe, and service by publication was had upon Susie Briscoe, all of whom were signers of the note and mortgage herein sued upon. None of the Briscoes filed any pleading in the case. The only pleading filed by any defendant was the answer and cross-petition filed in the case on July 5, 1929, by the defendant Brodie T. Atwater. He alleged in his answer that he had no knowledge or information as to the execution, delivery, or assignment of the note and mortgage as set out in plaintiff's petition, and demanded strict proof of the same. He also filed a cross-petition against the Briscoes aforenamed, who executed the note and mortgage, alleging that on May 27, 1925, the defendants Walter J. Briscoe, Susie Briscoe, John S. Briscoe, and Liddia Briscoe executed and delivered to him a certain mineral deed conveying an undivided one-half interest in and to all the oil, gas, and other minerals in and under the lands being foreclosed and which were embraced in the mortgage of the plaintiff, and alleging that said deed was duly recorded on June 9, 1925, in the office of the county clerk of Okmulgee county, state of Oklahoma, and alleging that the Briscoes warranted their title to said minerals to be free, clear, and unencumbered of all liens and encumbrances of whatsoever kind and nature, except an oil and gas lease, and alleging, further, that he paid the Briscoes $1,400 for the mineral grant conveyed to him by general warranty, and alleging breach of warranty by the Briscoes and claiming damages in the sum of $1,400 for breach of warranty. Neither the plaintiff nor any of the defendants filed any pleadings or answer to the cross-petition of Brodie T. Atwater.

On December 1, 1931, the cause came on for trial, and the court rendered a personal default judgment against the makers of the note and mortgage sued on for the sum of $3,761.50, together with the interest and costs, and entered its decree of foreclosure of the mortgage and for sale of the property described in said mortgage after six months from the date of the judgment, appraisement having been waived by the terms of the mortgage. On the same date the court gave Brodie T. Atwater a personal judgment on his cross-petition against the Briscoes for $1,400, with interest at 6 per cent. per annum from May 27, 1925, until paid.

On July 8, 1932, a special execution and order of sale of the property foreclosed by the plaintiff was issued as directed in the judgment and decree of the court. The sheriff received the order of sale on the day it was issued, and on August 18, 1932, sold the property, pursuant to law, to the plaintiff for $500, which sum was applied on the judgment and on the date of sale the sheriff made his return and sale was confirmed by the trial court on motion of plaintiff on August 27, 1932. No objections of any kind to the mortgage foreclosure procedure was made by the defendant Brodie T. Atwater. On the date the sale was confirmed the plaintiff moved the court for a deficiency judgment, which was granted against the defendants Walter J. Briscoe, John S. Briscoe, and Liddia Briscoe.

A general execution was issued on September 6, 1932, on the deficiency judgment of plaintiff, and placed in the hands of the sheriff, but this execution was returned by the sheriff by order of attorney for plaintiff on November 3, 1932.

On June 24, 1932, a general execution was issued against the Briscoes on the Atwater judgment. On August 23, 1932, the sheriff of Okmulgee county levied upon and sold some mineral rights owned by the Briscoes in Okmulgee county. Atwater was the purchaser for the sum of $150. These minerals so levied upon by general execution were not involved in the mortgage sued upon by the plaintiff or in any wise connected with plaintiff's suit. On September 5, 1932, plaintiff filed its objections to the confirmation of this sale, which objections the court overruled, and the plaintiff duly saved its exceptions. On September 22, 1932, the court issued its order confirming the sale of said minerals to the defendant Brodie T. Atwater under the general execution, and directed the sheriff of Okmulgee county to make and deliver a sheriff's deed to said property and mineral rights to Brodie T. Atwater. From this order of confirmation the plaintiff appeals.

This cause resolves itself into two suits. The plaintiff's suit is one for judgment on a promissory note and for foreclosure of the mortgage on real estate executed by the Briscoes covering the lands described in plaintiff's mortgage and petition. The suit of Brodie T. Atwater is an action on a cross-petition against his codefendants, the Briscoes, for damages claimed for breach of warranty in a mineral grant executed by the Briscoes. It is the contention of plaintiff that after a decree of foreclosure has been

## 358

entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special and must conform to the order of the court, and that under the judgment rendered in this case by the trial court, the property foreclosed was not sold until August 18, 1932, and that a deficiency judgment in favor of plaintiff was entered on August 22, 1932; that the trial court had no jurisdiction to issue an execution on Atwater's judgment prior to that date. The general execution on the money judgment of Atwater was issued on June 24, 1932, and prior to the sale of the lands foreclosed by the plaintiff.

In the foreclosure decree the court ordered that the proceeds of the sale be applied: (1) In payment of the costs of the sale and costs of the action; (2) in payment of the plaintiff's judgment; and (3) that the residue, if any, be paid to Brodie T. Atwater, to the amount of his judgment.

There is no question of fact involved in this case. It is the contention of plaintiff that the execution must conform to the judgment of the court, and that since the court ordered the application of residue funds, if any, after the sale, to be applied on the judgment of Brodie T. Atwater, the defendant Brodie T. Atwater was not entitled to a general execution upon his money judgment until after the property involved was sold under a special execution, and only after it was determined whether there would be any residue of proceeds to apply on the judgment of the defendant Brodie T. Atwater. With this contention we cannot agree. It has long been settled in this state that special execution is the proper process for enforcement of decrees of foreclosure of mortgages and other liens. Tyer et al. v. Cole, 118 Okla. 279, 248 P. 601; Price et ux. v. Citizens State Bank et al., 23 Okla. 723, 102 P. 800.

Section 439, O. S. 1931, provides as follows:

"Executions are of three kinds: First. Against the property of the judgment debtor. Second. For the delivery of possession of real or personal property, with damages for holding the same, and costs. Third. Executions in special cases."

Section 505, O. S. 1931 (section 758, C. O. S. 1921), provides as follows:

"In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

In a foreclosure proceeding, when a judgment for any specific amount and also for the sale of the mortgaged property shall have been rendered and an amount sufficient to satisfy the amount of the debt and costs be not made from the sale of the mortgaged property, under section 505, C. O. S. 1931, an execution may issue for the balance as in other cases. McNeal et al. v. Baker et al., 135 Okla. 159, 274 P. 655; Riddle v. Gamble, 99 Okla. 161, 226 P. 106. Clearly plaintiff is not entitled to a general execution until its deficiency judgment is determined, and it cannot be determined until after the property is sold on special execution, and the plaintiff is not entitled to general execution until it has first complied with section 505, O. S. 1931. After the deficiency judgment is determined, if any, then it becomes a personal judgment upon which a general execution can be issued against any property of the judgment debtor.

In the case at bar the court rendered judgment for a specific amount for the plaintiff, and the judgment plainly directed that it be satisfied by a sale of specific property described in the decree of foreclosure and that the proceeds be applied on the judgment. On the other hand, the defendant Brodie T. Atwater obtained a personal money judgment on a breach of warranty against his codefendants, the Briscoes. Clearly the defendant Atwater had no lien of any kind or character on any specific real or personal property. He was entitled to a general execution against the property of the judgment debtor, the Briscoes. The trial court evidently construed its own judgment to be in harmony with the statutes of Oklahoma, and that the defendant Atwater properly proceeded under a general execution against the property of his judgment debtors, the Briscoes. The plaintiff had a judgment in a special case and its judgment must absolutely conform to the judgment and the order of the court. There can be no general execution issued on the plaintiff's judgment in this case until after the special execution has been issued and the property sold without appraisement and the proceeds distributed as provided in the judgment of the trial court. It could not be foreseen until after a sale of the property being foreclosed, what amount might yet be due on the judgment of the plaintiff as a deficiency judgment. Clearly, under the statute laws of

this state, and under the decisions of this court, plaintiff is not entitled to a general execution against the property of the judgment debtor until after the deficiency judgment is determined, and we so hold. Riddle v. Gamble, 99 Okla. 161, 226 P. 106. The defendant Atwater, however, had a personal money judgment against his codefendants, the Briscoes, which did not involve any lien against any specific real or personal property. He was entitled to have a general execution levied against the property of his judgment debtors, the Briscoes, and we so hold.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. F. Hatcher, A. C. McElroy, and T. H. Williams, Jr., in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hatcher and approved by Mr. McElroy and Mr. Williams, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.

### Supplemental Opinion.

BUSBY, J. In order that the scope and effect of the foregoing opinion may not be misinterpreted, we deem it appropriate to supplement the same.

Two judgments are involved in this action, both rendered at the same time. One is a judgment in favor of the plaintiff in a mortgage foreclosure action; the other a judgment by one defendant against a codefendant for money only, in connection with which no claim to a special lien on the real estate involved was asserted. The question of whether one defendant in a foreclosure action can properly sue another defendant for money judgment arising out of an alleged breach of warranty is not presented by this appeal, nor is it decided herein.

The plaintiff in error herein does not urge that since both judgments were rendered at the same time, both constituted a co-equal lien on all other real property of the judgment debtor other than that on which the mortgage was being foreclosed in the action, and that by reason of such co-equal lien the

proceeds of sale of the other real estate on general execution should be impounded, and, when the amount of the deficiency of plaintiff's judgment is subsequently determined, there should be a pro rata distribution of the proceeds of such sale between the owners of the co-equal judgment liens.

In holding that it was proper for the defendant and cross-petitioner, Brodie T. Atwater, to cause a general execution to be issued and levy to be made upon other real property of the judgment debtor prior to the determination of the amount of the deficiency in the mortgage foreclosure, we are not holding that the judgment creditor on the mortgage debt could not have claimed a portion of the proceeds of the sale under such general execution if the question had been properly raised and presented.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.