## AYCOCK v. HARRIMAN et ux.

No. 28899.   Oct. 24, 1939.

M. E. Becker, of Boise City, and Hughes & Dickson, of Guymon, for plaintiff in error.

E. B. McMahan, of Boise City, for defendants in error.

Hadwiger & Hadwiger, amicus curiae.

DAVISON, J.   The present controversy arose from the efforts of the successful plaintiff in a foreclosure action to enforce the decree entered therein.

The parties appear here as they appeared in the trial court and will be referred to by their trial court designation.

After having obtained judgment against the mortgagors for recovery on a certain promissory note and for the foreclosure of the real estate mortgage securing the indebtedness represented thereby, the plaintiff caused a special execution and order of sale to issue against said real estate. The sale was had, and before it was confirmed said plaintiff caused a general execution to issue. Before the sheriff had acted under the general execution, the mortgagors, or principal defendants, filed a motion to quash said execution.

The trial court sustained the motion to quash and recalled the execution, but authorized a supersedeas of the order quashing and recalling the execution, upon the execution of a bond in the sum of $2,000. The bond was executed.

The plaintiff has appealed from the order quashing the general execution, while the defendants have filed a cross-appeal based upon the granting of supersedeas.

In maintaining that the trial court erred in quashing the general execution, the plaintiff contends that under the governing statutes of this state, a general execution may issue at any time after sheriff's sale of mortgaged property had upon a special execution and order of sale issued pursuant to a decree foreclosing said mortgage, if there is still a balance due on the mortgage indebtedness after deducting therefrom the amount of the bid accepted at the sale. His counsel argues that there is no provision in our statutes that requires the issuance of a general execution to be delayed until after the confirmation of the special execution sale.

The statute which provides for general execution in mortgage foreclosure cases is section 505, O. S. 1931 (12 Okla. St. Ann. § 903), which reads as follows:

"In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs, be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

The defendants take the position that until the confirmation of the special execution sale, the amount of the deficiency on the judgment is undetermined and there is no definite and certain amount of indebtedness to be satisfied through the issuance of a general execution and a levy and a sale had pursuant thereto.

This position is sound. Upon consideration of the foregoing statute, we have held that a general execution should not issue until the amount of the deficiency is determined by a sale of the property charged specially with the payment of the debt. Riddle v. Gamble, 99 Okla. 161, 226 P. 106; Paschal Inv. Co. v. Atwater, 174 Okla. 356, 50 P.2d 357; Bartlett Mortgage Co. v.

Morrison et al., 183 Okla. 214, 81 P.2d 318.

Confirmation of a sale on special execution sale, although a judicial act (Cherry et al. v. Godard et al., 179 Okla. 158, 64 P.2d 315), is required by statute in this jurisdiction. Section 456, O. S. 1931 (12 Okla. St. Ann. § 765). The funds derived from the sale are not required to be distributed and applied on the judgment, but, on the contrary, may remain in the hands of the officer until the court determines questions properly cognizable in connection with confirmation. Needless to say the court may, upon proper occasion, refuse to confirm the sale. State ex rel. Com'rs of the Land Office v. Harrower, 167 Okla. 269, 29 P.2d 123.

Thus it is impossible to ascertain what has been "made from the sale of property specified," or rather, whether anything has been made, until the sale has been confirmed. The statutory contingency upon which a general execution may be issued cannot be properly said to have occurred until confirmation.

Especially appropriate to the decision of this question is the language used by this court in Riddle v. Gamble, supra, as follows:

"Then, under the statute law of this state and the decisions of this court, above quoted in this opinion, there could not be any general execution issued in this case until after the special execution had been issued, the property sold after appraisement, *and the proceeds distributed,* as provided in the judgment of the court, as it could not be foreseen what amount might yet be due upon said judgment remaining after the foreclosure and sale, ordered in the judgment. * * *" (Italics ours.)

Considering the emphasized portion of the foregoing quotation in conjunction with the statutory provision (sec. 456, supra) contemplating delay in distribution until confirmation, the soundness of plaintiff's position is demonstrated. It follows that the trial court did not err in quashing and recalling the execution.

This brings us to a consideration of the complaint of the defendant that the trial court erred in allowing the plaintiff to supersede the order.

Incidentally, and in conjunction with this complaint, it is asserted that the trial court also erred in refusing to enjoin the sheriff from proceeding under the execution. The basis of this complaint is a conversation between the court and counsel incorporated in the record. No order or judgment denying injunctive relief is reflected in the case-made, and, therefore, the alleged order is not before us for review. Rogers et al. v. Harris, 76 Okla. 215, 184 P. 459; Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067; Morris v. Caulk, 44 Okla. 342, 144 P. 623. However, the substance of defendants' grievance is before us in connection with their complaint concerning the allowance of supersedeas.

There is no specific statutory authority for supersedeas in connection with the character of order presented in this appeal. Section 543, O. S. 1931, 12 Okla. St. Ann. § 968 et seq. However, this court has held that where specific authority is not given by statute, the trial court may in its discretion allow supersedeas. In the Matter of the Application of C. G. Epley, R. I. Boyington and Frank T. Hatter, for a writ of Habeas Corpus, 10 Okla. 631, 64 P. 18; Palmer v. Harris, 23 Okla. 500, 101 P. 852; State ex rel. Horton, County Atty., v. Fidelity & Deposit Co. of Maryland et al., 179 Okla. 437, 66 P.2d 85.

The defendants are asserting a lack of power to grant supersedeas rather than an abuse of discretion in its allowance, and since, as we have seen, the power to grant supersedeas exists, the contention of the defendant must be denied. Our decision on this point, of course, does not prejudice such rights as may have accrued to the defendants under the bond.

The decision of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DANNER, JJ., concur.