ANDERSON et al. v. WARREN.

No. 30856. July 3, 1945.

Rehearing Denied Sept. 18, 1945.

Application for Leave to File Second Petition for Rehearing Denied Dec. 18, 1945.

*164 P. 2d 221.*

George H. Jennings, of Sapulpa, **for** plaintiffs in error.

Leroy J. Burt and R. E. Stephenson, both of Sapulpa, for defendant in **error.**

DAVISON, J. C. C. Warren, plaintiff in the trial court and defendant in error herein, brought suit in the district court of Creek county against Harry E. Anderson and Grace Ripley Anderson, as defendants, on their promissory note for the principal sum of $308 and for the foreclosure of a real estate mortgage given to secure the payment of said note. Judgment was rendered on the note and for foreclosure of the mortgage.

Following rendition of this judgment plaintiff filed a "Release of judgment lien on Certain Real Property," said real property being the identical property covered in the previously mentioned mortgage. Thereafter plaintiff filed a praecipe for execution against certain personal property of the defendants which was in no wise covered by the mortgage. General execution was issued and levy made upon the personal property of the defendants. Defendants then moved to quash the execution on purely legal grounds that it did not conform to the terms of the judgment and was prematurely issued. The motion was overruled.

Notice of appeal was given after a supplemental motion to quash the execution, with objections to confirmation of the sheriff's sale, was overruled. The defendants have appealed from such order, appearing herein as plaintiffs in error. The parties will be referred to by their trial court designation.

The defendants contend that the executions in question and the proceedings thereunder were unauthorized because of failure to conform to the terms of the judgment as required by 12 O.S. 1941 § 903, which provides:

"In special cases not hereinbefore pro-

vided for, the execution shall conform to the judgment or order of the court. When a judgment for any specific amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs, be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

In construing this statute, it is contended this court has consistently held that where a judgment is rendered for the foreclosure of a mortgage or other lien, no general execution can lawfully issue for the enforcement of such judgment prior to the sale of the mortgaged lands. As a typical example, Riddle v. Gamble, 99 Okla. 161, 226 P. 106, is cited. An examination of this case discloses that plaintiff brought suit on two promissory notes and to foreclose a mortgage, given as security, on 40 acres of land. Judgment was rendered for plaintiff, ordering foreclosure with appraisement. A general execution was issued and the sheriff levied upon 160 acres, including the 40 acres covered by the mortgage. Appraisement was made of the total 160 acres, sale consummated and confirmed. Defendant raised objections to the sale and confirmation and on appeal this court held that only after special execution was issued, property appraised and sold, with a revelation of what was yet due on the judgment, could a general execution be rightfully issued.

Another case relied upon is Aycock v. Harriman et ux., 185 Okla. 590, 95 P. 2d 110. In that case, plaintiff, after obtaining judgment on a promissory note and for foreclosure of a mortgage, caused special execution against the mortgaged real estate to issue. But before the sale was confirmed, general execution was issued. We held that general execution should not have been issued until the amount of the deficiency was determined by a sale of the property charged specially with the payment of the debt."

Defendants also call our attention to Paschal Inv. Co. v. Atwater, 174 Okla. 356, 50 P. 2d 357, wherein suit was brought on a promissory note and to foreclose a real estate mortgage. In addition to several defendants, one Brodie T. Atwater was named as claiming some right in the mortgaged premises. Atwater filed a cross-petition against his codefendants (makers of the note and mortgage) alleging that they had delivered to him a mineral deed warranting their title for the sum of $1,400. For the breach of this warranty Atwater claimed damages in the sum of $1,400. Personal default judgment was rendered against the makers of the note and mortgage and decree entered for its foreclosure. Cross-petitioner was also given judgment. Before sale of the mortgaged real estate a general execution on the Atwater judgment was issued and property of the defendants was levied upon and sold. Plaintiff objected to confirmation of the sale. Two rulings pertinent to our present case were rendered on appeal. These were: (1) Plaintiff was not entitled to a general execution until deficiency judgment was determined, the determination being made by sale of the specific property under special execution. (2) As the cross-petitioner had no lien of any kind or character on any specific real or personal property, he was entitled to a general execution against the property of the judgment debtors.

It is pertinent to note at this point that in each of these three cases relied on by defendants, there is one significant fact common to all. In each, the judgment creditor was still looking to his security to aid in satisfying his judgment. Of course, this was a salient feature of important weight when the ultimate ruling was reached. We find no fault with the reasoning in the above cited cases.

As has been previously mentioned in this opinion, the plaintiff, before general execution was issued, filed his release of judgment lien on the mortgaged property. This release discharged the lien on the property so released for

all purposes and forever. In so doing he let it be known that he was not relying, and would not rely, upon the mortgaged realty to satisfy his claim. He disavowed any intention of asserting a particular charge against certain specific property. There was an intention to abandon or relinquish any claim against the specific security and this intent was manifest by the filing of the release. And in carrying out this intent, when the levy under general execution was made, the subject matter of the mortgage was not even considered. This is the distinguishable feature in the case at bar from the cases cited by defendants.

An exhaustive research did not reveal any case containing a fact situation identical with the one under consideration. However, certain rules concerning the law of mortgages were frequently encountered as, the debt is the primary obligation between the parties, and the note is the primary evidence of that debt and the holder of the note and mortgage is not required first to foreclose the mortgage but may bring his action on the note alone. Jones on Mortgages, vol. III (8th Ed.) sec. 1572. And in 41 C. J. 654, it is said:

"Unless it is otherwise provided by statute, where a mortgage is given to secure the payment of . . . a promissory note, the creditor may pursue his remedy either on the mortgage or on the evidence of the debt, or on both concurrently. He is not required to foreclose the mortgage before resorting to his action on the note . . . but, unless prevented by an agreement, he may sue on the latter at law without regard to the mortgage, . . . "

To the same effect is 19 R.C.L. 509, sec. 305, wherein it is said:

"As a general rule, the taking of collateral security for the payment of a debt does not afford any implication that the creditor is to look to it only or primarily for the payment of the debt. The obligation of the debtor to respond in his person and property is the same as if no security had been given. This is the settled rule at law. Therefore, a creditor holding a note secured by a mortgage may ignore his security and bring an action on the note. The promise to pay, as evidenced by a promissory note, is one distinct agreement, and, if couched in proper terms, is negotiable, while the pledge of real estate to secure that promise as evidenced by a mortgage is another distinct agreement, which is not intended to affect in the least the promise to pay, but only to provide a remedy for the failure of performance."

In accord with the above views, this court has held that the mortgagee may proceed against the maker of the note or directly against the mortgaged property. Peters v. Lindley, 88 Okla. 32, 211 P. 409.

Under the facts of the present case, we are not concerned with the question of whether or not an execution for the sale of property pursuant to a decree of foreclosure of a real estate mortgage is special and must conform to the order of the court. The question is whether the judgment should, at all times after the release hereinbefore referred to, be treated as a judgment for the foreclosure of a real estate mortgage, or as a personal judgment upon which a general execution might issue. That is, can the mortgagee elect to sue for a personal judgment on the note and also for the foreclosure of the mortgaged property securing the note, and then, after having obtained the judgment both on the note and for such foreclosure, release his lien on the mortgaged property and levy a general execution against other property of the mortgagor?

The mortgagor in the present case, so far as shown by the record, was in no worse position after the mortgage lien had been released than he would have been in had the mortgagee sued only for a personal judgment on the note. The foreclosure of a mortgage is of equitable cognizance, and we are unable to see where, under the pleadings and facts in this case, the judgment of the trial court overruling defendants' motion to quash the general execution resulted in any inequity to the defendants.

or deprived them of any rights in equity.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS and WELCH, JJ., concur. OSBORN, CORN, and ARNOLD, JJ., dissent.

_____

CORN, J. (dissenting). My objection to the majority opinion is based upon provisions of the statute and former decisions of this court, which I do not think admit of the conclusion reached therein. My views on the subject will be discussed under three propositions.

1. The judgment being in foreclosure of a real estate mortgage, the execution is special and must conform to the judgment of the court, otherwise it is contrary to the provisions of 12 O. S. 1941 § 732 and 12 O.S. 1941 § 903.

2. The execution is contrary to 12 O. S. 1941 § 760 in that the judgment was entered under the provisions thereof where the mortgage contained the term "appraisement waived" and therefore no order of sale or execution could be issued until six months from the date of the judgment.

3. Under 12 O.S. 1941 § 686, as amended by chapter 12, sec. 1, S.L. 1941, no general execution can be issued until the sale of the mortgaged premises and a hearing on application determining the amount of deficiency judgment remaining due.

12 O.S. 1941 § 732 defines the different kinds of executions. 12 O.S. 1941 § 903 provides that an execution must conform to the judgment of the court. 12 O.S. 1941 § 760 is the provision relating to the issuance of an order of sale or execution where the words "appraisement waived" are inserted in any deed, mortgage, bond, note, bill, or written contract and the court renders judgment thereon.

These statutes have been construed by several decisions of our court. In Tolbert et al. v. State Bank of Paden, 30 Okla. 403, 121 P. 212, the court considered an order of sale issued within the six months in a foreclosure proceeding where the phrase "appraisement waived" was used. Therein it is stated:

"In this case these questions are squarely presented: Can a mortgage creditor sell property under a mortgage, where the right of appraisement has been waived by the debtor, before the expiration of six months after judgment of foreclosure, by having the property appraised? And, is a judgment of the court, in such case ordering a sale within the six months period valid? We believe both questions must be answered in the negative. In both the note and mortgage suit appraisement is waived. This clause is a material part of the contract between the parties. Under the statute, supra, permitting the waiver by a debtor of his right to an appraisement of his property before sale, where it is done, the creditor obtains the right to sell the property under judgment without any appraisement, and therefore regardless of how much or how little it may bring. But the debtor, when he surrenders his right to the creditor, obtains one himself—a right that is oftentimes more valuable than the one he surrenders. He knows when he contracts in his mortgage that no appraisement will be required that in case he cannot pay the debt when due, if suit is brought, 'no order of sale or execution shall be issued upon such judgment until the expiration of six months from the rendition of the judgment'."

In Zweigart v. Strahan et al., 73 Okla. 144, 175 P. 213, paragraph 2 of the syllabus states:

"Where a judgment is rendered foreclosing a mortgage on land, and also for the amount of indebtedness secured by the mortgage, the court should provide in the judgment for the sale of the mortgaged property and for execution for any balance due after sale, in which event any execution issued must conform to the judgment."

In Riddle v. Gamble, 99 Okla. 161, 226 P. 106, 109, the judgment creditor in a foreclosure proceeding caused a general execution to issue. The court said, in part:

" . . . and whether the plaintiff in error will be benefited or not, or whether it will be a useless and vain thing to have this special execution issued and the judgment of the court followed in the manner directed by the court, the plaintiff in error is entitled to have this judgment satisfied in conformity with the decision and under the statute law of this state, and to hold otherwise would be depriving him of a statutory right guaranteed to him by the law governing this jurisdiction."

In Bartlett Mortgage Co. v. Morrison, 183 Okla. 214, 81 P. 2d. 318, in discussing the right to issue an execution after a foreclosure proceeding, the court said:

"It can thus be seen that these delays do not depend upon the absence of a personal judgment, nor does the judgment rendered in foreclosure lack the nature of a personal judgment solely because by law there may be postponement of sale and a delay in the right to issue general execution."

Other cases from this jurisdiction treating of the issue involved are: Price et ux. v. Citizens' State Bank et al., 23 Okla. 723, 102 P. 800; Richmond v. Robertson et al., 50 Okla. 635, 151 P. 203; Martin v. Hostetter et al., 59 Okla. 246, 158 P. 1174; Paschal Investment Co. v. Atwater, 174 Okla. 356, 50 P. 2d 357; Aycock v. Harriman et ux., 185 Okla. 590, 95 P. 2d 110.

In Wheat Belt Building & Loan Ass'n v. Armstrong et ux., 140 Kan. 541, 38 P. 2d 145, the Supreme Court of the State of Kansas, considering the right to issue a general execution under a judgment in foreclosure, stated:

"Where an action is brought to foreclose a mortgage, and a personal judgment for the amount due is rendered and an order made for the sale of the mortgaged real estate, the order of sale must issue, and, if the proceeds arising from the sale are not sufficient to pay the judgment, costs, and taxes, a general execution may then, and not before, issue for the balance."

It follows, therefore, that the judgment being in foreclosure of a real estate mortgage containing the phrase "appraisement waived," the execution must conform to the judgment of the court and cannot issue until six months after the date thereof, and this is true whether the judgment creditor attempts to waive the provisions of the statute and the term of the mortgage and judgment as to the appraisement, or whether he attempts to waive or surrender the lien and proceed by a general execution. Therefore, I am of the opinion that the trial court erred in refusing to quash the execution and in confirming the sale.

I am authorized to announce that Justice OSBORN and Justice ARNOLD concur in the views herein expressed.