GEORGE BURKE & FRAZIER V. UNIQUE PRINTING COMPANY.

FILED DECEMBER 18, 1901.   No. 10,734.

1. **Judgment Entry: ENTIRE RECORD.** To ascertain the meaning of a judgment entry it is always permissible to read it in the light of the entire record.

2. **Caption of Petition: PARTNERS: INDIVIDUALS.** Where the caption of the petition gives the individual names of the members of a copartnership as defendants, and references in the pleadings, findings and judgment to the defendants are generally in the plural, the action will be held to be one against the individuals named, even though the petition charges that the plaintiff contracted with the defendants as partners.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J.   *Dismissed.*

*Hall & McCulloch,* for plaintiffs in error.

*John M. Macfarland* and *Alex A. Altschuler, contra.*

SULLIVAN, J.

The judgment brought here for review was rendered in an action brought, according to the caption of the petition, by the Unique Printing Company, a corporation, against "George Burke & —— Frazier, his first name unknown," to recover money claimed to be due upon.a written contract. The plaintiff in error, a copartnership composed of Burke and Frazier, complains of the judgment on the assumption that it was rendered against the partnership and not against its constituent members. The case presented calls merely for a construction of the record. Was it the intention of the court to pronounce against the firm or against Burke and Frazier as individuals? This is the controlling question. The petition states that the defendants were copartners at the time of giving the instrument sued on and concludes with a prayer for "judgment against the defendants." Upon whom, or in what manner, the summons was served is not shown, but the judgment, which was rendered

by default, after reciting that the defendants, and each of them, failed to appear, etc., proceeds as follows: "On consideration whereof the court, being fully advised in the premises, finds that the allegations in the said petition contained are true, and that there is due and owing to the plaintiff from the said defendants on the cause of action set forth in the petition of the plaintiff filed herein, the sum of $196 and the costs of suit. It is therefore considered by the court that the plaintiff have and recover of and from the said defendant herein, the sum of one hundred ninety-six and no-100 dollars, ($196) and its costs herein expended, taxed at $——, for which execution is hereby awarded." After judgment there was filed a motion for a new trial, which we do not find in the record, but which is described in the order overruling it as the motion of defendants. It also appears that George Burke sought a vacation of the judgment and gave a bond to supersede it on the theory that it had been rendered against him. The partnership made no appearance in the district court; and, upon the whole record, we are disposed to think that it has, technically, no interest in the litigation. The evident intention of the court was to make the judgment respond to the findings and to charge the partners and not the partnership. To ascertain the meaning of a judgment entry it is always permissible to read it in the light of the entire record. "In case of doubt regarding the signification of a judgment, or any part thereof, the whole record," says Mr. Freeman, "may be examined for the purpose of removing the doubt." 1 Freeman, Judgments, sec. 45. Construed in the light of the entire record the word "defendants" in a judgment has frequently been held to refer to only one of several defendants; and likewise the word "defendant" in a judgment entry has been held to include all the defendants named in the caption. The manifest purpose of the court to give judgment against the defendants should not be frustrated by what seems to be an accidental omission of a letter. That the title and averments of the petition in the case make the action one against Burke and Frazier

as individuals can not well be doubted. The fact that plaintiff charged that it contracted with defendants as partners, does not evince a purpose on its part to sue the firm and not the individuals composing it. *King v. Bell,* 13 Nebr., 409; *Herron v. Cole Bros.,* 25 Nebr., 692; Bates, Partnership, 1068.

The plaintiff in error not having been a party to the action in the district court, is not entitled to have the judgment reviewed in this court. The proceeding in error is therefore

DISMISSED.