## McNEAL et al. v. BAKER et al.

No. 18594. Opinion Filed Dec. 18, 1928.

Rehearing Denied Feb. 19, 1929.

John B. Johnson and J. L. Miller, for plaintiffs in error.

T. Austin Gavin and Horace H. Hagan, for defendants in error.

HEFNER, J. The only question involved in this case is the construction of the trial court in the case at bar of the judgment of the district court of Tulsa county in a foreclosure suit in the case of Redmond v.

Baker, No. 17980, in that court. Was the judgment in the Redmond-Baker Case a personal judgment on which a general execution could be issued, or was it merely and solely a judgment in rem to be confined to the proceeds of the sale of the mortgaged property? The trial court held it was entirely a judgment in rem and the plaintiff therein was limited for the satisfaction of the indebtedness to the proceeds of the sale of the mortgaged property. From that judgment Ruby E. McNeal and others, as plaintiffs in error, have brought the case here for review.

There were three mortgages foreclosed in the Redmond-Baker Case. The proceeds from the sale of the mortgaged property discharged the first and a part of the second mortgage, but left nothing to apply on the third mortgage. A general execution was issued on the judgment foreclosing the third mortgage, and the sheriff levied upon lot 4, block 2, Florence Park addition to the city of Tulsa and caused the same to be sold and a sheriff's deed therefor was executed, delivered, and recorded. Thereafter this action was brought by Marjorie Baker, the defendant in error, against Ruby E. McNeal and others, for the cancellation of the sheriff's deed and to quiet title to said lot.

It is the contention of the plaintiffs in error that said foreclosure judgment was a personal judgment against the Bakers, upon which it was proper to issue a general execution. It is agreed by both the plaintiffs in error and the defendants in error that the only question here is the construction of the trial court in the case at bar of the judgment of the foreclosure in the Redmond-Baker Case, and that question is, Was that judgment a personal judgment on which a general execution could be issued, or was it merely a judgment in rem to be confined to the proceeds arising out of the sale of the mortgaged property?

The judgment in the Redmond-Baker Case involved the foreclosure of three mortgages. The judgment rendered in the foreclosure of the third mortgage is the one called in question in this case, and with respect to it, the trial court rendered this judgment:

"It is, therefore, considered, ordered and adjudged by the court that the defendant, P. A. McNeal, have and recover of the defendant, C. E. Baker, Jr., and his wife, Marjorie Baker, on the issues made on said cross-petition and the answers thereto, the sum of $650 principal, with interest thereon at the rate of 10 per cent, per annum to date of judgment, which is $19, and future interest at the rate of 10 per cent, per annum, and the further sum of $75 as attorney's fees and the costs; that after the expiration of six months from this date, the property described, to-wit, lot 16, in block 4, of the City View Hill addition to the city of Tulsa, be sold; that the equity of redemption therein be forever barred, that said mortgage described is a third lien thereon, and junior and inferior only to the mortgage of W. M. Fleetwood and D. W. Curry, hereinbefore described, and on the fund which may be derived from the sale thereof and that said sums be satisfied out of the proceeds of said sale, first, after the sums hereinbefore described and stated, under the lien of the mortgages of W. M. Fleetwood and D. W. Curry."

It will be noted the language of the judgment does not contain the usual provision that if the mortgaged property fails to bring the amount of the debt, execution shall issue for the deficiency. It is the contention of the defendants in error that, under the terms of the judgment rendered in McNeal's favor, he was confined for satisfaction thereof exclusively to the property foreclosed upon in that action. The court awarded him a judgment for $650 principal, $19 interest and $75 attorney's fees and for costs.

In construing the judgment of the district court in the foreclosure suit, effect should be given to every word and part of it, including such effects and consequences that follow the necessary legal implications from its terms, although not expressed. The wording of the judgment is not clear, and in such a case it should be construed so as to carry out the evident purport and intent of the action rather than to defeat the same. We do not think it was the intention of the trial court in the foreclosure suit to limit the various mortgagees for the satisfaction of their claims to the proceeds arising from the sale of the mortgaged property. It is true the judgment did not render what is commonly designated as a deficiency judgment. On the other hand, it was silent as to what should be done with the residue of the proceeds arising from the sale of the mortgaged property in event the property brought more than enough to satisfy all claims. Had that contingency arisen, we do not think it could be successfully contended the mortgagor would not be entitled to whatever remained after the judgments and claims were all paid.

The trial court did render a personal judgment for a specified amount and ordered the sale of the specific real property covered

by the mortgage, and ordered that the mortgages should be satisfied out of the proceeds arising from the sale of the mortgaged property. The judgment is silent as to what should be done with any excess that might remain after the claims were all paid, and it is also silent as to what should be done in event the proceeds arising from the sale of the mortgaged property were not sufficient to pay all claims.

After a personal judgment has been entered for a specified amount, unless the judgment explicitly and plainly directs how the judgment is to be satisfied, the law directs what proceedings shall be had for the purpose of satisfying the same. Section 758, C. O. S. 1921, is as follows:

"In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs, be not made from the sale of property specified, an execution may issue for the balance, as in other cases."

This section clearly directs what proceedings may be had for the purpose of collecting the unpaid balance of the judgment. When the mortgaged property had been sold and the proceeds therefrom were not sufficient to pay all the claims of the mortgagees, under section 758, supra, it was proper to issue a general execution on the judgment rendered. The execution was issued and the property in controversy was levied upon; and it is admitted the proceedings in the sale of the same were regular. This being true. when the sheriff executed and delivered his deed to the purchaser at the sheriff's sale, whatever title the judgment debtor had necessarily passed to the grantee therein.

The judgment of the district court is reversed, and the cause remanded, with directions to render a judgment in accordance with the views herein expressed.

BRANSON, C. J., MASON, V. C. J., and HARRISON. PHELPS, LESTER, HUNT. and RILEY, JJ., concur.

Note.—See "Judgments," 34 C. J. §794, p. 501. n. 7: p. 502. n. 3, 15. "Mortgages," 42 C. J. § 1999, p. 305, n. 70.