**GADE et al., Adm'rs, v. LOFFLER et al.**

No. 23165.     April 2, 1935.

Fred C. Foster and C. B. Wilson, for plaintiffs in error.

J. J. Thomas and H. J. Sturgis, for defendants in error.

PER CURIAM. On January 9, 1925, August Gade, a resident of Nebraska, brought suit against G. D. Loffler, the Farmers State Bank of Garber, Okla., and Lucille L. Clark, E. I. Tipton, and E. T. Loffler, the last of whom are defendants in error here. In his petition he alleged that the defendant G. D. Loffler, on or about December 1, 1921, borrowed from the plaintiff the sum of $5,000, and to secure its payment executed to the plaintiff a conveyance of a certain royalty interest known as the Kisner units, which he owned in Garfield county. He further alleged that the said G. D. Loffler thereafter, and prior to the recording of the conveyance of the royalty interest by the plaintiff, executed conveyances of the same royalty interest to the defendants Lucille L. Clark, E. I. Tipton, and E. T. Loffler; that said conveyances were without consideration and executed in furtherance of a plan between the said Loffler and the defendants in error to defraud the plaintiff. He asked that said conveyances be set aside as to him; that he have judgment against the defendant G. D. Loffler for the sum of $5,000 and interest; that said conveyance to him, as security, be adjudged a first lien upon said royalty interest, and that said lien be foreclosed and the royalty interest be sold in satisfaction of said claim. It was further alleged that the defendant Farmers

State Bank was depository for the royalties accruing to defendants in error from the royalty interest so fraudulently conveyed, and plaintiff asked that the said bank be enjoined from paying to the defendants in error any moneys from such royalty interests coming into its hands for the defendants in error. On the same date a temporary restraining order was issued, enjoining the defendant Farmers State Bank of Garber from paying to the defendants in error any money received by it on account of said royalty interest until the further order of the court. On the 25th day of January, 1925, the Farmers State Bank filed an answer, setting up that it then held in its hands the sum of $60 for the defendants in error; that it claimed no interest in the property and was collecting and holding the money as depository only and was willing to disburse it to the parties rightfully entitled thereto.

The defendants in error, who were nonresidents of the state of Oklahoma, after motion to quash service by publication had been overruled, filed their answers, and the cause finally came on for hearing on the 11th day of September, 1928, August Gade having died in the meantime and the cause being revived in the names of Otto W. Gade and Fred W. Gade, administrators, who are plaintiffs in error. Judgment was rendered in favor of the plaintiffs against the defendant G. D. Loffler, for the sum of $5,000, and against the defendants in error setting aside the conveyances of the royalty interest as in fraud of plaintiffs, in so far as said conveyances affected the plaintiffs. decreeing a foreclosure of the lien upon the royalty interest and ordering it sold in satisfaction of the debt, interest, and costs. On the 12th day of January, 1929, upon the hearing of the motion for new trial, plaintiffs amended their petition to conform to the proof made upon the trial. Whereupon, the court entered an order reforming its prior judgment in certain particulars and overruling the motion for new trial. By the amended decree no personal judgment was rendered against the defendant G. D. Loffler. The conveyances of the royalty interest to the defendants in error were set aside and the property ordered sold to satisfy plaintiffs' claims as in case of sales of real estate under execution. No appeal was taken from this judgment and it has become final. Thereafter, an order of sale was issued upon said judgment, and the royalty interest sold for the sum of $400, which sale was approved by the court on February 11, 1930. All orders, judgments, and rulings up to the overruling of the motion for new trial were made by Judge Swindall. Subsequent orders and decrees were made by his successors upon the district bench. There is no controversy between the parties as to any of the proceedings above recited.

It does not appear whether at the time of the conveyance of the royalty interest by G. D. Loffler to August Gade, it was a producing one or not, but at the time of the filing of the suit oil had been discovered upon the premises, and the royalties accruing therefrom were being paid to the Farmers State Bank for the use and benefit of the defendants in error. Between the date of filing the suit and the 23rd day of July, 1929, the sum of $4,413.60 had accrued from this royalty interest and paid to and held by the defendant Farmers State Bank. The question here is as to who is entitled to this money, and it arises upon the following state of the record:

After the judgment of January 12, 1929, became final and the time for appeal had expired, plaintiffs in error secured an order from Judge O. C. Wybrant, directing the defendant Farmers State Bank of Garber to pay in to the clerk all moneys impounded in its hands. The pertinent part of the order is as follows:

"It is therefore ordered, adjudged, and decreed that the Farmers State Bank of Garber, Okla., be and it hereby is ordered and directed to pay in to the clerk of this court all moneys impounded in its hands by virtue of the restraining order heretofore issued out of this cause, the same to be applied (first) to the payment of the costs accrued in this cause, and (second) to be applied on the payment of the judgment heretofore rendered herein."

On the 18th day of September, 1929, the Farmers State Bank of Garber, in pursuance of the order above mentioned, filed the following response:

"Comes now the Farmers State Bank of Garber, Okla., and responding to and in compliance with the order made by this court on July 24, 1929, in the above entitled cause, hereby pays into the hands of the clerk of this court the sum of $4,413.60, which represents all monies impounded in its hands in this cause to this date and which represents the accumulations and payments made to the credit of the 40 units in the Kisner royalty involved in this action."

On the 12th day of November, 1929, the Honorable J. W. Byrd, district judge, entered his order authorizing and directing the clerk of the court to pay these funds

to the plaintiffs in error to be applied upon the judgment. Thereafter, the order of sale heretofore mentioned was issued and the property sold. All parties concerned seemed to have accepted the litigation as having been finally settled and determined until the defendants in error, having employed other counsel, on June 5, 1930, filed their motion to set aside the order of November 12, 1929, and to require the plaintiffs in error to repay to the clerk the money paid to them under such order. Plaintiffs in error filed a motion for an order nunc pro tunc, correcting the judgment of January 12, 1929, so as to make specific direction for the application of the funds in the hands of the defendant bank. This motion was overruled, the orders of July 23, 1929, and November 12, 1929, were vacated, and plaintiffs in error ordered to repay to the clerk the moneys paid to them by him. The motion of plaintiffs in error for a new trial was thereafter overruled and they appealed.

Neither the journal entry of the original judgment, nor of the judgment entered on the 12th day of January, 1929, modifying the former decree, made any disposition of the money that had accumulated in the Farmers State Bank of Garber from the royalty units during the litigation. While the petition of plaintiffs in error was not as specific as it should have been, there can be no question that in filing the suit they were seeking to subject these royalty units, as well as the money accruing therefrom, to the payment of their claim. In order to do that it was necessary to set aside the conveyances to the defendants in error. This was prayed for in the petition and granted in the decree. To enable them to impound the money that would accrue pending the litigation, the Farmers State Bank of Garber was made a defendant and a temporary restraining order made restraining it from paying out any of the money received from the royalty interests to the defendants in error until the further order of the court. This bank had been designated by the defendants in error as their agent to collect the money accruing from their royalty units. In the conveyance of the royalty interest by G. D. Loffler to August Gade, the plaintiff, the same bank was likewise designated as depository for the plaintiff Gade, although it does not appear that it ever affirmatively accepted the appointment.

Defendants in error insist that this restraining order had expended its force because no temporary injunction was thereafter issued, and that it was ineffectual to impound the funds, as a matter of law. If the bank had violated the restraining order by distributing the money held by it to the defendants in error, the question as to the force and effect of this order, as well as the liability of the bank to the plaintiffs in error, would have been involved. But it did not do so, but complied with the order directing it to pay the money to plaintiffs in error without objection. Although the proceedings may have been somewhat informal, all the circumstances in the case indicate that the attorneys for all parties, and the court itself, as well as the bank, regarded the bank as a depository for the purpose of collecting and holding the money accruing from the units in litigation until a final termination of the case, and the funds as in the custody of the court and subject to its orders.

The restraining order had impounded in the hands of the bank, moneys accruing from royalty interests of the defendants in error, which were not involved in the suit. More than two years after the order was issued, counsel for all parties entered into a stipulation agreeing that it might be modified so as to release all interests of the defendants in error, except as to the 40 units involved, and the court, in pursuance of the stipulation, modified its restraining order accordingly. After the judgment had become final, Judge Wybrant, on the 23rd day of July, 1929, made an order that this money be paid into court, and the bank, acting through the same attorneys who represented the defendants in error in the case, filed its response to the order and deposited the $4,413.60, "which represents all moneys impounded in its hands in this cause to this date and which represents the accumulations and payments made to the credit of the 40 units in the Kisner royalty involved in this action." It is true that the judge who made the order was not the judge who entered the judgment, but it was acquiesced in by all parties for almost a year, and this fact, together with the circumstance that all parties throughout the litigation scrupulously observed the restraining order, are conclusive in showing that all parties, including the court itself, considered that the moneys derived from the royalty interest during the litigation were, in effect, in the custody of, and subject to the orders of, the court, and were to abide the issue of the case.

Defendants in error contend that the trial court in ordering that the moneys impounded by the Farmers State Bank should be held

in lieu of a supersedeas bond upon the contemplated appeal of the defendants in error, in effect, recognized that such moneys were the property of the defendants in error, but we do not so regard this order. As we construe it, it was merely a recognition by the court that the funds that had theretofore accrued and should thereafter accrue, being in the hands of the bank, who was subject to the orders of the court, there was no occasion or necessity for a supersedeas bond, pending the appeal.

In construing the judgment, it is necessary to take into consideration the situation to which it was to be applied and the purpose sought to be accomplished. This court, in the case of McNeal v. Baker, 135 Okla. 159, 274 P. 655, had occasion to consider a situation somewhat similar to the one here involved, and in doing so used this language:

"In construing the judgment of the district court in the foreclosure suit, effect should be given to every word and part of it, including such effects and consequences that follow the necessary legal implications form its terms, although not expressed. The wording of the judgment is not clear and in such a case it should be construed so as to carry out the evident purport and intent of the action, rather than to defeat the same."

The court, in the amended journal entry of judgment entered on the 12th day of January, 1929, found "that all of the material allegations in the plaintiffs' petition are true and that the defendant G. D. Loffler pledged to August Gade in his lifetime 40 units in what is known and described as the Kisner royalties, in order to indemnify and hold harmless the said August Gade from any loss which he might sustain by reason of the advance by him at that time of the sum of $5,000. * * *"

Upon the issue between the plaintiffs in error and the defendants in error as to the fraudulent nature of the conveyances of the royalty to the defendants in error, the court found:

"The court further finds that the conveyances by the defendant G. D. Loffler, to Della S. Loffler, Lucille L. Clark, E. I. Tipton, and E. T. Loffler, of interests in the oil and gas produced or to be produced upon the above-described premises, in so far as they affect the 40/1000 interest pledged to the said August Gade, are fraudulent, and that the plaintiffs herein are entitled to have such assignments and conveyances, purporting to convey to the said Della S. Loffler, Lucille L. Clark, E. I. Tipton, and E. T.

Loffler, interests in the oil and gas produced or to be produced upon or from the above-described premises, canceled, set aside, and held for naught in so far as they affect or conflict with the 40/1000 interest so pledged to the said August Gade."

The contention of defendants in error involves the anomalous proposition that although their royalty interest, which is the source of the money impounded in the hands of the bank, has been canceled and set aside in so far as it affected the interest of the plaintiffs in error, nevertheless such money itself is their property. They predicate this upon the proposition that plaintiffs in error, by their action, sought and secured only the foreclosure of their lien upon the royalty interest, and that defendants in error would be entitled to receive the rents and profits until the interest was sold. That would be true of the foreclosure of a lien upon real estate, but while a royalty may be considered in a certain sense a rent or profit, it is also a part of the corpus of the estate and exhausts its very substance in the act of yielding its return. In a very real sense, it may be said that the incorporeal right to receive a definite part of the oil when produced as a chattel, or its equivalent in money, had been during the process of litigation executed by production. The money impounded in the bank proceeded from and represented that interest. To deliver to plaintiffs in error, in satisfaction of their judgment, the shell from which practically all of the valuable element had been extracted while they were in the act of asserting their rights in a court of justice, and to deny them the money into which it had been transformed, would, in our opinion, do violence to the plain purpose and effect of the judgment. Certainly that was not the purpose and effect the court had in mind in rendering the judgment, and, if true, has resulted from the failure of the court to effectuate the judgment he intended to enter. We cannot give it such effect.

The purpose of a sale under foreclosure is to convert the property pledged as security into money, so that it may be applied upon the debt. When it is already in the form of money, nothing further is required than the order of the court directing the proper distribution of the funds in its hands. In our opinion, the order of the court directing the Farmers State Bank to pay the money in its hands into court, as well as the order directing the clerk to pay it to the plaintiffs in error, were proper and necessary orders for the purpose of carrying into effect the judgment of the

court, and were in no sense inconsistent therewith.

Judgment reversed, with instructions to set aside order appealed from and to reinstate orders of the 23rd day of July, 1929, and the 12th day of November, 1929.

The Supreme Court acknowledges the aid of Attorneys Lawrence Mills, A. A. Davidson, and Richard K. Bridges in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mills and approved by Mr. Davidson and Mr. Bridges, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.