HAROLD S. WHALEY ET AL., APPELLEES, V. JACK MATTHEWS, APPELLANT.

287 N. W. 205

FILED JULY 21, 1939. No. 30640.

*Beghtol, Foe & Rankin, Walter E. Nolte* and *Chambers, Holland & Locke,* for appellant.

*John S. Logan, Bernard S. Gradwohl* and *Meredith K. Nelson, contra.*

Heard before ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

This is the second appearance of this case in this court, the original opinion appearing in 134 Neb. 875, 280 N. W. 159. We will set forth sufficient subject-matter contained therein to disclose the nature of the original action, the relationship of defendant Jack Matthews to the company, and the findings and judgment of the court.

Originally, the plaintiffs and three interveners, all holders of certain types of insurance contracts, brought an action in equity against Jack Matthews and the Cosmopolitan Old Line Life Insurance Company, on behalf of themselves and others similarly situated, for breaches of trust and violation of duty. They charged defendant Matthews, president of the company, with wrongful diversion of moneys from various funds belonging to the company. The result was a judgment against Matthews and the company. The items making up the total sum of the judgment are as follows: (1) $65,000 removed and overpaid from the cumulative endowment funds and $9,750 interest thereon, making the total of the first item $74,750; (2) $90,000 removed and overpaid from the general fund, plus interest thereon in

the sum of $17,250, making the total of this item $107,250; and (3) $9,300 for the negligent and wrongful purchase of securities known as the Neverve mortgages. Matthews was a director of the company continuously from 1922, vice-president from 1922 to 1927, president from 1927 to 1930, and again in 1935, chairman of the investment committee from 1927 to date of trial, and chairman of the board or executive committee from June, 1935. As a result of the alleged unwarranted action of the company in taking money from the cumulative endowment fund and the additional excess of payments which came from the general fund, to pay substantial bonuses from already matured thrift certificates, those funds have been depleted so that it is claimed to have jeopardized payment of certificates to mature later. The judgment of the district court was affirmed.

It will be observed that the original action was brought in equity by minority policyholders for themselves and for policyholders similarly situated, the plaintiffs claiming that the company was under the domination and control of the defendant Matthews, and upon written notice the company refused to institute suit. Therefore, the company was made a party defendant, although the suit was for its benefit. In considering this appeal, we are concerned with the decree and judgment of the district court in the original action dated December 10, 1936, and certain other proceedings had which are set forth, in substance, in their order:

On December 7, 1936, the following journal entry was made by the district court for Lancaster county: "The court finds generally in favor of the plaintiffs and interveners and against the defendants (certain exceptions were then made referring to certain paragraphs of the petition) ;" finds the relationship of the defendant Matthews to the company; "that the assets of the company were and are the property of the membership and its certificate or policyholders and that the defendants at all times stood and now stand in the relation of trustees to them, and were and are charged with the duty of keeping safely all of the moneys and investments of the company and of keeping safe and separate all

of the various funds established and maintained by the company in connection with its several plans of insurance, and were and are liable to the plaintiffs and interveners and to said membership for any loss occasioned by default of duty on their part, that defendants were negligent and guilty of breach of trust." The journal entry then refers to the 9,300-dollar Neverve mortgages and refers to the 65,000-dollar item and the 90,000-dollar item, heretofore set out, stating that loss occurred in said sums, and that plaintiff and interveners *et al.* are entitled to judgment therefor, with interest, against the defendants.

On December 10, 1936, a decree was entered by the same court as a decree *in extenso*. The court found generally in favor of the plaintiffs and against the defendants and each of them; found specifically that the defendant Matthews held various trusts and offices for the company during the period of time of its existence and his connection therewith, and that the defendant Matthews has encouraged and participated in the violation of his trust in all the various acts and things for which recovery is allowed. The next three paragraphs of the finding refer to the 65,000-dollar item, the 90,000-dollar item, and the 9,300-dollar Neverve mortgages, finding that the defendants in each instance have wrongfully, unlawfully and in breach of trust, removed and overpaid the two larger sums, and in breach of trust purchased the Neverve mortgages; found that the plaintiffs made various demands for relief, directed to the officers and directors of the company, and any further demands or applications, other than those made, would have been futile and unavailing.

In paragraph 11 the court states: "By stating certain specific facts the court does not narrow or limit its said general findings for plaintiffs and said interveners." In that part of the decree where the judgment is made on the findings, the defendants and each of them are ordered to forthwith return the respective sums (the amounts as hereinbefore stated) and in each instance, where the sums are specifically referred to, and in each paragraph of the decree

referring to such sums, we find the following language: "The liability of defendant Matthews for the return and payment of the said sum shall not cease until such time as he shall have paid the same in full, despite any prior return or payment which may be made by the defendant Cosmopolitan Old Line Life Insurance Company." The decree then provides for an allocation of certain amounts, and that plaintiffs recover expenses incurred with reference to the suit, and costs.

On December 30, 1936, the plaintiffs and the company entered into a stipulation. Defendant Matthews was not a party thereto. The stipulation provides for the transfer of $84,050 from the general fund into the cumulative endowment fund. It may be remarked here that this sum of money was at all times money belonging to and for the benefit of the certificate holders of the company and money that was in the hands of the company. The moneys, as stated in the decree of December 10, 1936, were moneys that had been paid out by the defendant Matthews and for which judgment was rendered.

In paragraph 3 of the stipulation provision is made that upon the payment of the said amount of $84,050 into the cumulative endowment fund, "that portion of the decree, and that portion only, which requires the defendant Cosmopolitan Old Line Life Insurance Company (as distinguished from the defendant Matthews) to pay various sums of money shall be deemed complied with upon the part of said company (except for the payment of expenses, costs and attorney fees for which separate provisions are hereinafter made)." It is provided specifically, however, that any payment or transfer by the company of funds under any of the paragraphs of the stipulation or decree "shall in no manner affect the liability of defendant Matthews under the said decree nor shall it reduce the said liability of the defendant Matthews, but the defendant Matthews remains liable for the full amount of $191,300, as provided in the said decree, together with costs. The said decree, as to the said defendant Matthews, remains uncomplied with in any part and

continues with the same force and effect as when originally entered." The stipulation then provides for future accumulations and specifically provides for sums paid by defendant Matthews, he to receive credit therefor, and provides for attorney fees and expenses, and contains an agreement on the part of defendant company to withdraw its motion for a new trial.

On January 2, 1937, an order was entered in the same court on the stipulation, stating that the case had come on for hearing upon motion made by the plaintiffs and interveners, respecting compliance with the decree by the defendant company, and evidence was adduced. The court found that the company, by and through the department of insurance of the state of Nebraska, is ordered and directed to pay into the cumulative endowment fund of the company all the surplus of the company not to exceed $84,050, for the credit and benefit of the plaintiffs *et al.;* provided for the allocation of the funds upon payment of the amount, and provided further: "That portion of the decree dated December 10, 1936, and that portion only, which requires the defendant Cosmopolitan Old Line Life Insurance Company (as distinguished from the defendant Matthews) to pay various sums of money shall be deemed complied with upon the part of said company (except for the payment of expenses, costs and attorney fees), * * * provided specifically, however, that any payment or transfer by the company, under any of the paragraphs of this order or of said decree, shall in no manner affect the liability of defendant Matthews under the said decree of December 10, 1936; nor shall it reduce the said liability of the defendant Matthews, but the defendant Matthews remains liable for the full amount of $191,300 as provided in the said decree, together with costs. The said decree, as to the said defendant Matthews, remains uncomplied with in any part and continues with the same force and effect as when originally entered." Then the order further provides for any credit to be given to defendant Matthews in the event any payment is made by him.

On January 8, 1937, the defendant company withdrew its motion for a new trial; an order was made by the court subsequent to January 2, 1937, and on February 24, 1937, a hearing was had, and attorney fees, expenses and costs were allowed, to be paid out of the cumulative endowment fund as shown in the order of January 2, 1937. On January 16, 1937, the transfer of the funds was made by the company in the amount of $84,050 from the general fund of the company to the cumulative endowment fund.

. On March 9, 1937, defendant Matthews filed a motion to require the clerk of the district court to satisfy the judgment as against him, referring to the decree of December 10, 1936, as rendering a joint judgment, and to the order of January 2, 1937, and, upon the transfer of the fund, as hereinbefore stated, that the company be released from all liability. On September 24, 1938, the plaintiffs applied to the district court for an order to require defendant Matthews to appear' and answer concerning certain property owned by him and to bring with him certain books and papers designated in the application. On this application, an order was entered requiring Matthews to appear on October 17, 1938, to be interrogated concerning his property. On October 13, 1938, defendant Matthews filed a motion to vacate the order requiring him to appear, setting forth in the motion that the order was entered without notice to the defendant; that a joint judgment had been entered against the defendant Matthews and the company, set up the order of January 2, 1937, the compliance therewith, and asked that the order be vacated, requiring him to be interrogated as to property owned by him. By agreement of the parties, both motions were heard at the same time, viz., on November 5, 1938, and were overruled by the court. From this order overruling the two motions as hereinbefore referred to, defendant Matthews appeals to this court.

The assignments of error made by the appellant follow: (1) The court erred in overruling defendant Matthews' motion to require the court to satisfy the judgment, in overruling his motion to vacate the order requiring him to

appear, and in overruling his motion for a new trial respecting the above matters. (2) The court erred in holding that plaintiffs' agreement which released one joint debtor did not also release the remaining joint debtor.

Appellant first contends that the judgment is a joint judgment, and refers to the original petition. It may be here stated that, in analyzing the original cause of action, the nature of the suit must be kept in mind. While the petition does refer to the defendants as being negligent in breaching trusts and in diverting moneys and paying out the same when not authorized, it also refers to the acts of defendant Matthews concerning the breaching of trusts and diverting of funds, stating his relation to the company, that he dominated the company and controlled its action. The prayer of the original petition is that the defendant Matthews be compelled to return and pay to the company (setting out the amounts and the paragraphs of the petition referring to the amounts), and further that the company be required to pay (setting forth the amounts) ; and then stating that the defendants be required to render a full accounting of the funds and to produce all books and records, etc., and all costs of the suit to be taxed against defendant Matthews; that the plaintiffs be reimbursed by defendant company for expenses incurred, including allowance of attorney fees, and for general equitable relief.

The appellant also specifically refers to paragraph 4 of the decree dated December 10, 1936, which follows: "The plaintiffs and interveners (naming them), upon behalf of all of the thrift certificate holders in said company similarly situated, are hereby awarded judgment against defendants and each of them for the sums hereinbefore set forth, to wit, the total sum of $191,300." The substance of the decree, as heretofore stated, contains language which specifically applies to the liability of the defendant Matthews. The appellant contends that said paragraph 4 constitutes the only statement in the original decree of a money judgment as against specific parties.

The appellant cites 33 C. J. 1126, as follows: "A judgment

that plaintiff recover of two or more named defendants a specified sum of money is in form a joint judgment." In the same paragraph we find this language: "Whether such a judgment is joint or several depends upon whether the liabilities or interests involved are joint or several."

In determining whether a judgment is joint or several, the circumstances in reference to the case may be considered. Naturally, this calls for an analysis of the decree of December 10, 1936, to ascertain the meaning of such judgment entry. In so doing, it is always permissible to read the judgment entry in the light of the entire record. See *Burke v. Unique Printing Co.*, 63 Neb. 264, 88 N. W. 488.

In *Gade v. Loffler*, 171 Okla. 313, 42 Pac. (2d) 815, it was held:

"In construing the judgment of a court, effect should be given to every word and part thereof, including such effect and consequences that follow the necessary legal implications of its terms, although not expressed.

"When the wording of the judgment is not clear, it should be construed so as to carry out the evident purport and intent of the action, rather than defeat it."

And in *Deboe v. Brown*, 231 Ky. 682, 22 S. W. (2d) 111, it was held: "A judgment should be read as a whole to determine its meaning."

In *Lamb v. Major & Loomis Co.*, 146 N. Car. 531, 60 S. E. 425, it was said: "It (referring to a decree) should be so construed as to give effect to each and every part of it, and bring all the different parts into harmony, as far as this can be done by fair and reasonable interpretation."

"It is a general rule, applicable to judgments, that, if possible, effect should be given to every word and clause therein. Such words and clauses should be construed according to their natural and legal import, and the whole context should be considered." 15 Standard Ency. of Procedure, p. 92. In this connection it is, therefore, proper to consider all the subsequent proceedings had in reference to the judgment.

Section 20-1302, Comp. St. 1929, contemplates that a judg-

ment may be rendered by the court against one or several parties in the discretion of the court, and in rendering judgment the court may determine the ultimate rights of all the parties to the controversy.

In the instant case, the general fund from which the $84,050 was transferred and the cumulative endowment fund which received the $84,050 belonged to the thrift certificate holders; that is, said funds and the moneys therein are held by the company for the benefit of the certificate holders. The transfer from one fund to the other, as above stated, did not satisfy the damage caused by the overpayments made by defendant Matthews, as specifically set forth in the decree dated December 10, 1936. The moneys paid out under the direction of Matthews to the certificate holders, as shown in the original opinion and in the original judgment, have not been returned to the company; that is, there is no new money in the company, evidenced by the conduct of either the company or Matthews in complying with the original judgment. There is merely a transfer of funds which had not been diverted or paid out, but which were always under the control of the company for the benefit of the certificate holders.

In applying the rules of law, as set forth in the foregoing authorities, it is obvious that it was not the intention of the court as expressed by the language in the decree dated December 10, 1936, in the event of a transfer of funds as disclosed by the stipulation and the order of January 2, 1937, that the judgment should be considered a joint judgment. The liability of defendant Matthews is specifically stated in the decree where a reservation is made in the following language: "The liability of defendant Matthews for the return and payment of the said sum shall not cease until such time as he shall have paid the same in full, despite any prior return or payment which may be made by the defendant Cosmopolitan Old Line Life Insurance Company." This statement appears in the decree of December 10 four times, —after each item constituting the amount of the judgment. Such language is a reservation in that any satisfaction of

the judgment had with the company would in no manner affect the liability of the defendant Matthews. In addition, paragraph 3 of the stipulation, providing for the transfer of funds, states that any payment or transfer by the company of funds under any paragraph of the stipulation or decree shall in no manner affect the liability of defendant Matthews under said decree; nor shall it reduce the liability of defendant Matthews, but defendant Matthews remains liable for the full amount of $191,300, as provided in said decree, together with costs. Matthews was not a party to the stipulation, which is in conformity with the judgment respecting his liability. Then, we turn to the order of January 2, 1937, entered on the stipulation after a hearing, and contained in the order is the same provision respecting the liability of Matthews as found in the stipulation, as hereinbefore set out. All of such instruments clearly disclose that the judgment is not a joint judgment, and, in addition, considering the very nature of the suit,—one representative in character,—the judgment is not a joint judgment. The language is plain and explicit in that it provides expressly that defendant Matthews is not released under the circumstances here presented.

In this opinion we do not attempt, nor are we required, to review the original case as to the merits, or the decision as rendered therein, but confine ourselves to the nature and kind of judgment rendered and the liability of defendant Matthews as stated therein.

We therefore hold that the trial court did not err in overruling the motions of defendant Matthews, as hereinbefore set out. In view of our holding, the question of the release or satisfaction of the judgment, wherein the company was released by the transfer of funds, as constituting a release or satisfaction in favor of the defendant Matthews, and other matters raised in the briefs of the parties need not be discussed.

AFFIRMED.