Celeste HICKS, Plaintiff in Error,

v.

C. Tracy HICKS, Defendant in Error.

No. 41088.

Supreme Court of Oklahoma.

May 10, 1966.

Spillers & Spillers, by G. C. Spillers, Jr., Tulsa, for plaintiff in error.

Clarence A. Warren, Tulsa, for defendant in error.

IRWIN, Justice.

This is an appeal from an order of the District Court of Tulsa County placing a construction on a divorce decree as to child support which had been agreed upon by the parties to the divorce decree and evidenced by a written agreement which was approved by the trial court and incorporated in and made a part of the decree as though the same were fully and completely set forth.

Celeste Hicks and C. Tracy Hicks had two minor chidren when Celeste Hicks was granted a divorce on November 17, 1961. On said date, the parties entered into a written agreement to "settle and determine their respective rights to property now owned * * * by them * * * and to * * * settle and determine their respective rights to alimony and maintenance from each other, and to finally settle and determine any and all other rights, claims and/or obligations which exist, or might exist, by reason of the marriage relation." As above stated, the agreement was approved by the court and made a part of the decree.

It is paragraphs numbered IV and V of the agreement which become a part of the judgment with which we are concerned.

Paragraph IV provides, among other things not material herein, that Mr. Hicks "binds and obligates himself to pay for the college education of each of the children in the sum of * * * $7662.00 each." Paragraph V provides that Mr. Hicks "further agrees to pay child support at the rate of One Hundred ($100.00) Dollars per month for each child during the minority of said child."

On March 20, 1964, Mrs. Hicks made application for a citation for contempt against Mr. Hicks alleging that he had failed to pay child support as provided by the decree.

This application was heard on April 2, 1964, and the trial court found that the decree entered on November 17, 1961, "is somewhat ambiguous and requires construction by this Court."

The court found that Mr. Hicks had made certain child support payments and also found that he had paid "an additional sum of $200.00 about March 1st, for the benefit of the older child in college; whereas, that at or about the same time the older child ceased attending college and returned home to reside with the mother."

The court then determined "that the true intent and meaning of the said judgment was that it ordered plaintiff to pay to the defendant the sum of $200.00 per child each month as child support while such child is attending college and $100.00 per month per child at such times as the particular child is not in college." The court further found that Mr. Hicks was not in contempt of court and ordered him to pay child support according to the above determination. Mrs. Hicks has appealed to this court.

CONTENTIONS

Mrs. Hicks contends that the trial court erred in its construction of the agreement and decree of divorce; that the college educational benefits and the child support benefits are severable, separate and distinct and the effect of the decree of November 17, 1961, was to order Mr. Hicks to pay $100.00 child support per month per child during their respective minorities; that when the obligations of the parties relating to the college educational benefits were judicially approved by the trial court, that court was without jurisdiction to modify the same without the mutual consent of the parties; and that under the terms of the agreement which was approved by the court, Mr. Hicks was obligated to pay the educational benefits while a child was in college and in addition thereto, $100.00 per month child support for such child.

Mr. Hicks contends that the obvious effect of the order of November 17, 1961, is that the payment of the college benefits for a child while in college, includes the $100.00 per month support of such child during such time; and that the trial court had jurisdiction to determine whether the judgment of November 17, 1961, required

Mr. Hicks to make both payments when a child was in college.

## CONCLUSIONS

It appears that Mr. Hicks paid all the payments required under the judgment of November 17, 1961, if he was not required to pay the $100.00 per month as child support while such child was in college in addition to the $200.00 per month in educational benefits.

To sustain her argument that when the obligations relating to the college education benefits were judicially approved by the trial court, that such court was without jurisdiction to modify the same without the consent of the parties, Mrs. Hicks states that Elliott v. Dunham, 191 Okl. 395, 130 P.2d 534, is directly in point. In that case we held that an agreement made by a husband and wife, after separating and in contemplation of a divorce, which settles all the property rights between the parties, is not a mere stipulation in lieu of evidence for the benefit of the court granting the divorce, but such agreement remains in full force and effect after the decree of divorce, *unless incorporated in the decree, or disapproved thereby, or superseded by the provisions thereof*. In the above case the trial court did not incorporate the agreement in the decree or attempt to adopt it as part of its judgment but simply approved it, and we held that the obligations were not affected by or extinguished by the decree and an action could be maintained to enforce the agreement.

■ In the instant action the trial court not only approved the property settlement agreement, which also included the provisions relating to child support, but specifically ordered that such agreement is "made a part of this judgment and decree to the same extent as though the provisions thereof were fully and completely set out herein." In other words, the agreement was incorporated in toto in the decree of divorce and by such incorporation the agreement as such was extinguished. It necessarily follows that we are not herein concerned with the jurisdiction of the trial court in a divorce matter to construe or modify an agreement approved by the court which was not incorporated in and made a part of the trial court's judgment, but with a trial court's order which modified or construed a judgment rendered in a divorce action.

■ It is well settled that a modification of a child support order must be prospective in its application and cannot be retroactive. See Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914. Therefore, if the trial court modified the judgment of November 17, 1961, and applied such modification retroactively, the judgment of the trial court should be reversed. However, if the trial court did not modify the judgment of November 17, 1961, but only construed such judgment and such construction is correct, the judgment should be affirmed.

■ In considering whether there was a modification or a construction of the judgment of November 17, 1961, we find the trial court found that such judgment "is somewhat ambiguous and requires construction by this Court; that accordingly, the court determines that the true intent and meaning of said judgment was that it ordered the plaintiff to pay * * *" the amounts heretofore set forth. The remainder of the order is in harmony with the above finding as it discloses that the trial court was merely placing a construction on the judgment and was not attempting to modify the same. The order contains no language whatsoever denoting or indicating a modification. Therefore, we have a question of construction and not a question of modification.

■ In McNeal v. Baker, 135 Okl. 159, 274 P. 655, we held that in construing the judgment of a court, effect should be given to every word and part thereof, including such effects and consequences that follow the necessary legal implications of its terms, although not expressed; and that where the wording of the judgment is not clear, it should be construed so as to carry out the evident purport and intent of the action rather than to defeat it. In Gade v.

Loffler, 171 Okl. 313, 42 P.2d 815, we said that in construing a judgment, it is necessary to take into consideration the situation to which it was to be applied and the purpose sought to be accomplished.

The same trial judge was presiding when the judgment of November 17, 1961, was rendered, as was presiding when the order under consideration was rendered. We can not say that under the terms of the judgment of November 17, 1961, Mr. Hicks was required to pay the sum of $200.00 in the form of educational benefits when a child was in college and in addition thereto pay the sum of $100.00 per month child support. We therefore conclude that the trial court's order placing a construction on the judgment of November 17, 1961, must be affirmed.