In the Matter of the Application for Variance of Lulla SCHRADER Before the Board of Adjustment of the City of Bethany, Oklahoma.

No. 55967.

Supreme Court of Oklahoma.

March 1, 1983.

Fagin, Hewett, Mathews & Fagin, Warner E. Lovell, Jr., Oklahoma City, for appellant.

David A. Davis, Oklahoma City, for City of Bethany.

HARGRAVE, Justice.

Lulla Schrader, appellant, owns a residence in Bethany, Oklahoma. In 1978, she had a carport built on the side of her corner lot. No building permit was obtained and the city of Bethany later notified her that the structure did not comply with the Bethany Code of Ordinances, § 45–14. The property owner then applied to the Bethany Board of Adjustment for a variance from that provision and it was granted. The appellee, City of Bethany, filed an appeal against that ruling in the District Court of Oklahoma County. In the District Court, the trial court sustained a demurrer to the landowner's evidence and set aside the decision of the Board of Adjustment—thereby denying the variance. The order of the trial court sustaining the demurrer to the evidence was appealed by timely filing of a petition in error and was assigned to the Court of Appeals. Appellant questioned the constitutionality of the ordinance and asserted the Board had the power to refuse to enforce the ordinance on the basis of the vague nature of the ordinance. The Court of Appeals reversed the trial court and remanded the cause with directions to reinstate the decision of the Board of Adjustment—in effect, granting the variance. Writ of Certiorari has previously been issued to the Court of Appeals to review the cause.

The first proposition of the appellant incorporated into her brief in chief states that she cannot be held to be violating the ordinance because it is vague and indefinite, therefore unconstitutional. Secondly, the argument is made that the Board of Adjustment may make the above determination of the vague nature of the ordinance and then refuse enforcement of the provision by granting a variance from it. Thirdly, it is argued the District Court erred in that it failed to rule on the constitutional challenge based on the vague nature of the word "building" as defined in the zoning ordinances of the City of Bethany.

The appellant's proposal that the Board of Adjustment of a municipality has the authority to make determinations of constitutionality as a basis for granting a variance has recently been spoken to in *O'Rourke v. City of Tulsa,* 457 P.2d 782 (Okl.1969). There, authority to grant a variance was discussed under 11 O.S.1961 § 407(4) and (5). These provisions contain precisely the same three findings necessary to grant a variance as 11 O.S.1981 § 44–107. In *O'Rourke, supra,* at p. 785, this Court said the Board of Adjustment has no power to test the constitutionality of an ordinance, but simply holds the power to grant an exception or variance where it is consistent with the spirit of the ordinance. See also *Banks v. City of Bethany,* 541 P.2d 178, (Okl.1975), and *Nucholls v. Board of Adjustment of Tulsa,* 560 P.2d 556, (Okl. 1977).

Appellee is correct in stating there is an inhibition in the jurisprudence of this jurisdiction from considering claims of constitutional invalidity in Board of Adjustment proceedings. However, the City of Bethany is incorrect in its assertion that this debility extends to the District Court in a de novo proceeding. It has been recently stated that the District Court has both the jurisdiction and the duty to declare an ordinance unconstitutional, thereby determining there is no valid ordinance. To hold otherwise would render an appeal to the District Court a vain and useless act, precluding review of the questioned infirmity. *City of Cherokee v. Tatro,* 636 P.2d 337 (Okl.1981).

The appellant landowner also predicates error arising from the trial court's failure to rule upon the constitutional question raised. The trial court did rule that the ordinance applied to the landowner and the word "building" did include the carport

here considered. In finding the ordinance applied to the appellant, we determine the effect of the language used is to determine the ordinance is constitutionally applicable to appellant. In construing the judgment of a court, effect must be given to every word and part thereof, including the effects and consequences that follow the necessary legal implication of its terms although not expressed. *Tilley v. Allied Materials Corp.*, 208 Okl. 433, 256 P.2d 1110 (1953); *McNeal v. Baker*, 135 Okl. 159, 274 P. 655 (1929). It is implied from this judgment determining an ordinance applicable to the appellant that the ordinance is constitutional. This the appellant acknowledges in the brief in chief, quoting from the transcript of the hearing:

"THE COURT: ...

But I just think it—I don't see any difference in this ordinance and all the rest of the ordinances around. It's just simply a setback that you can't build a structure on. And there's no question about it's a structure.

"So in this case, as applied to these facts, this ordinance is certainly constitutional. And that's all I'm ruling."

Although the judgment entered in this cause does not state the ordinance is constitutional, that ruling was made by the court and is necessary to support the judgment. The trial court's judgment must be considered as including every finding and conclusion necessary to support it. *State v. Leecraft*, 279 P.2d 323 (Okl.1955).

The crux of the appellant's objection to this zoning ordinance is the fact that "building" and "structure" as defined by the zoning laws of the City of Bethany are overbroad and vague to the point of becoming void as a matter of constitutional law. The argument and conclusion therein are analogous to that made against a statute in *American Communications Assn. v. Douds*, 339 U.S. 382, 70 S.Ct. 674, 94 L.Ed. 925 (1950), Reh. Den. 339 U.S. 990, 70 S.Ct. 1017, 94 L.Ed. 1391:

"The argument as to vagueness stresses the breadth of such terms as 'affiliated', 'supports' and 'illegal or unconstitutional methods'. There is little doubt that imagination can conjure hypothetical cases in which the meaning of these terms will be in nice question. The applicable standard, however, is not one of wholly consistent academic definition of abstract terms. It is, rather, the practical criterion of fair notice to those to whom the statute is directed. The particular context is all important."

Succinctly stated, there is embedded in the traditional rules of constitutional adjudication the principle that a person to whom a statute may be constitutionally applied will not be heard to challenge that statute on the ground that it may be conceivably applied unconstitutionally to others, in situations not before the court. *Broadrick v. Oklahoma*, 413 U.S. 601 at 610, 93 S.Ct. 2908 at 2914, 37 L.Ed.2d 830 (1973). As summarized in *Broadrick v. Oklahoma, supra*, at p. 610–611, 93 S.Ct. at p. 2914–2915, this principle arises from the commitment of our constitutional system that courts are not roving commissions assigned to pass judgment on the Nation's laws,[1] and the fact that constitutional rights are personal and thus may not be asserted vicariously.[2] *Broadrick, supra*, notes there are exceptions to this rule and the first is carved out in the area of the First Amendment in order that restrictions on those rights be narrowly drawn and serve a compelling need of society, establishing the breathing space required by such fundamental rights. *Broadrick* states other exceptions to the general statement above which are applied "only because of the most 'weighty counterveiling policies'", such as instances as presented in *Eisenstadt v. Baird*, 405 U.S. 438, 444–446, 92 S.Ct. 1029, 1033, 1035, 31 L.Ed.2d 349 (1972). The appellant has neither argued nor cited authority for the applicability of an exception to the general rules stated above, and it is neither the duty nor prerog-

---

1. *Younger v. Harris*, 401 U.S. 37, 52, 91 S.Ct. 746, 754, 27 L.Ed.2d 669 (1971).

2. *McGowan v. Maryland*, 366 U.S. 420, 429–430, 81 S.Ct. 1101, 1106–1107, 6 L.Ed.2d 393 (1961).

ative of this Court to explore a theory not raised in the appellant's brief to find a valid ground on which to reverse the trial court's judgment. *Mead v. Mead,* 301 P.2d 691 (Okl.1956).

As to this particular landowner, the inquiry into the question of the ordinance's vagueness in a constitutional sense is restricted to this inquiry: Do the words "building" and "structure" as defined in the ordinance give fair notice to this landowner that she is prohibited from placing a carport in front of the minimum setback line? In the context of a zoning ordinance, the landowner may not demonstrate the ordinance in question is void for vagueness by demonstrating those provisions of law may, or would not, give fair notice to *other* persons that *other* acts were prohibited. As the trial court correctly noticed in the transcript of the hearing, the inquiry here was not whether another party would receive fair notice that a flower box or window awning was prohibited. It is apparent from a cursory reading of the footnoted definitions [3] that the owner of the carport was given fair notice that she was prohibited by the ordinance from placing the structure before the minimum setback line. Therefore, the ordinance is not constitutionally vague as applied to appellant.

Lastly, we find the trial court did not err in granting the appellee's demurrer to the evidence presented by the landowner to establish an entitlement to a variance. A variance may be granted as provided in 11 O.S.1981 § 44–107:

"A variance from the terms of the ordinance may be granted, as provided in this article, *only upon a finding* by the Board of Adjustment that:

1. The application of the ordinance to the particular piece of property would create an unnecessary hardship.

2. Such conditions are peculiar to the particular piece of property involved; and,

3. Relief, if granted, would not cause substantial detriment to the public good, or impair the purposes and intent of the ordinance or the comprehensive plan." (Emphasis added.)

Summarized, the statute requires a showing that the ordinance creates a hardship peculiar to the property considered and the requested variance cannot impair the purpose and intent of the ordinance. Under this Court's decisions on these issues and the evidence presented by appellant, the trial court correctly sustained the demurrer to the evidence. First, consider hardship. Appellant's evidence showed she paid $3,500.00 to have a carport erected in her side yard. No building permit was sought and thus she became cognizant of a violation of the ordinances after the carport was completed. This evidence does not establish a hardship necessary to allow a variance under our case law. A hardship is allegedly created by the waste of the money expended on the carport and the necessity to remove it. However, generally a hardship created by the owner of the premises constitutes no valid basis for a variance from, or exception to, a zoning ordinance, for to allow circumvention of the ordinance by the purposeful creating of a hardship to the landowner, by the landowner, emasculates the ordinance as effectively as repeal. *Board of Adjustment of Oklahoma City v. Puckett,* 353 P.2d 4 (Okl.1960). Second, hardship must be peculiar to the particular piece of property. The only evidence of peculiarity here is the simple fact the questioned residence is a corner lot. The lot in question, then, does not constitute a peculiar hardship inasmuch as there should be four corners on every block forming a rectangle. Thirdly, the evidence disclosed the

3. "SECTION 45–5. DEFINITIONS. For the purpose of these regulations certain terms and words are to be used and interpreted as defined hereinafter. . . .

(9) BUILDING: Any structure intended for shelter, housing or enclosure for persons, animals or chattel. . .

(50) STRUCTURE: Anything constructed or erected, the use of which requires location on the ground or which is attached to something having a location on the ground . . ."

variance requested was to allow a carport to encroach into all the side building setback area except six inches. It is not possible to conclude that the variance would comply with 11 O.S. 44–107(3) in that it requires that the variance sought must not "impair the purposes and intent of the ordinance." The requested relief does not impair the intent of the ordinance—it completely destroys the intent of the ordinance in that it would allow a carport to occupy the entire 15-foot setback zone except for six inches.

The requirements of § 44–107, *supra,* were not met by the evidence of the appellant. The latter statute states that a variance may be "granted . . . only on a finding of the above mentioned items." In the absence of evidence of these items, the trial court correctly sustained the demurrer to the evidence presented by the City.

OPINION OF COURT OF APPEALS VACATED; DECISION OF TRIAL COURT AFFIRMED.

BARNES, C.J., and LAVENDER, DOOLIN and WILSON, JJ., concur.

SIMMS, V.C.J., and OPALA, J., dissent.